■ CAROLYN McGUFFOG, Respondent, v ALAN GINSBERG, Appellant. [699 NYS2d 26] —Order of disposition, Family Court, New York County (Richard Ross, J.), entered or on about May 10, 1999, which, upon a finding that respondent committed harassment in the second degree, with aggravating circumstances present, issued petitioner a three-year order of protection against respondent, unanimously affirmed, without costs.

Preliminarily, we note that the order of protection was not entered on default since respondent was represented by counsel at the hearing (*see, Silberman v Silberman*, 216 AD2d 41), and is therefore appealable. Family Court properly exercised its discretion in denying respondent's attorney's request for an adjournment of the fact-finding hearing where respondent was personally served with the summons and counsel appeared on his behalf and was prepared to cross-examine petitioner.

The determination that respondent committed harassment in the second degree is supported by a preponderance of evidence in the record (*see,* Family Ct Act § 832). Respondent's intent to harass, annoy or alarm petitioner may be inferred from his conduct, including his threats to assault her and his continued threatening and menacing manner even after others intervened (*see,* Penal Law § 240.26; *People v Collins*, 178 AD2d 789). The record also supports the finding of aggravating circumstances warranting imposition of a three-year order of protection (*see,* Family Ct Act § 842). Concur—Ellerin, P. J., Williams, Lerner, Rubin and Saxe, JJ.