13-2476
United States v. Miller

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand fourteen.

PRESENT: DENNIS JACOBS,
           JOSÉ A. CABRANES,
           DEBRA ANN LIVINGSTON,
                      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
United States of America,
        <u>Appellee</u>,

        -v.-                   13-2476

Maurice Miller,
        <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | Paul J. Evangelista, Assistant Federal Public Defender, (Molly Corbett, <u>on the brief</u>), Albany, New York. |
| **FOR APPELLEES:** | Brenda K. Sannes, (Sean K. O'Dowd, <u>on the brief</u>), <u>for</u> Richard S. Hartunian, United |

1

States Attorney for the Northern District of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northen District of New York (Sharpe, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Maurice Miller appeals from the judgment of the United States District Court for the Northern District of New York (Sharpe, <u>J.</u>), sentencing him principally to 11 months' imprisonment upon a finding that Miller violated the terms of his supervised release by committing another crime and consuming alcohol.  On appeal, Miller argues that (1) the evidence was insufficient; and (2) the district court erred procedurally by failing to consider the applicable Guidelines range.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.**  Miller argues that the evidence was insufficient for the district court to find, "by a preponderance of the evidence," that he violated the terms of his supervised release.  18 U.S.C. § 3583(e)(3); <u>see</u> <u>United States v. Carthen</u>, 681 F.3d 94, 99-100 (2d Cir. 2012), <u>cert denied</u>, 133 S. Ct. 837 (2013).  We review the district court's determination that Miller violated the conditions of supervised release for abuse of discretion, and its factual findings for clear error.  <u>See</u> <u>United States v. Carlton</u>, 442 F.3d 802, 810 (2d Cir. 2006).

Under N.Y. Penal Law § 240.26(1), a person is guilty of harassment in the second degree when "with intent to harass, annoy or alarm another person: he or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same."  A defendant "may be presumed to intend the natural and probable consequences of his [or her] actions," and "intent may be inferred from the totality of the conduct of the accused."  <u>People v. Mollaie</u>, 916 N.Y.S.2d 726 (4th Dept. 2011) (internal quotation marks omitted) (alteration in original).

Miller argues that the government failed to prove that Miller had the requisite intent for second degree harassment. However, the evidence showed that Miller slapped a woman with her purse, pushed and shoved her, and threatened to kill her if she spoke to the police. On this record, the district court could safely conclude that Miller intended "to harass, annoy or alarm" the woman. See McGuffog v. Ginsberg, 699 N.Y.S.2d 26 (1st Dept. 1999) ("[I]ntent to harass, annoy or alarm . . . may be inferred from [defendant's] conduct, including his threats to assault her and his continued threatening and menacing manner even after others intervened").

The district court arrived at its conclusion by crediting the testimony of a police officer over that of another witness. Miller challenges that credibility choice. But "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." United States v. Iodice, 525 F.3d 179, 185 (2d Cir. 2008) (internal quotation marks omitted).

**2.** Miller argues for the first time on appeal that the district court erred by failing to consider the applicable Guidelines range. A defendant's challenge to a procedural error in sentencing, raised for the first time on appeal, is reviewed for plain error. United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010).

After considering the factors in 18 U.S.C. § 3553(a), the district court may revoke a term of supervised release. 18 U.S.C. § 3583(e). "[I]n determining the particular sentence to be imposed," the court "shall consider . . . [the] policy statements issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(4)(B).

Miller contends that the district court's failure to inform him on the record of the applicable Guidelines range indicates that the court did not consider it. However, even if a district court fails to mention the applicable Guidelines range, "in the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." United States v. Verkhoglyad, 516 F.3d 122, 129 (2d Cir. 2008) (internal quotation marks omitted). Miller acknowledges that the district court correctly characterized his violations as Grade C violations. Moreover, he does not challenge that the probation office correctly informed the

3

district court that the violations were both grade C; that Miller was in a criminal history category of III; and that the correct sentencing range was five to eleven months. There is no indication that the district court, in imposing an 11-month prison sentence, failed to comply with its duty of consideration.

    For the foregoing reasons, and finding no merit in Miller's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK