■ In the Matter of Marcela H-A., Respondent, v Azouhouni A., Appellant. [17 NYS3d 869]—

Order of protection, Family Court, New York County (Marva A. Burnett, Ref.), entered on or about February 21 2014, against respondent, after a fact-finding determination that he committed the family offenses of harassment in the second degree, menacing in the second degree, and stalking in the third degree, unanimously affirmed, without costs.

A fair preponderance of the evidence supports Family Court's finding that respondent committed the offenses of harassment

in the second degree, menacing in the second degree, and stalking in the third degree (*see* Family Ct Act § 832). Respondent admitted to a significant part of the conduct alleged against him, including sending annoying and alarming emails and repeated text messages and standing outside petitioner's apartment to see whether she was home and whether he might run into her and their son (Family Ct Act § 821 [1]; Penal Law §§ 120.14 [2]; 120.50 [3]; 240.26 [3]; *Matter of Drita F. v Joseph I.R.*, 88 AD3d 619 [1st Dept 2011]; *Matter of Amber JJ. v Michael KK.*, 82 AD3d 1558 [3d Dept 2011]). To the extent he denied that he had any intent to harass, annoy, alarm or that he otherwise threatened petitioner or her boyfriend, we find no basis for disturbing the court's determination crediting petitioner's version of events over his (*see Matter of Peter G. v Karleen K.*, 51 AD3d 541 [1st Dept 2008]).

Petitioner's testimony that respondent called her numerous times to find out who she was with and where she was going, made uninvited and unannounced visits to her home largely to ascertain whether she was with her boyfriend in their son's presence, and shouted at and threatened her, often in the son's presence, further supports Family Court's determination. Concur—Sweeny, J.P., Renwick, Saxe and Gische, JJ.