■ In the Matter of Erica R., Respondent, v LaQueenia S., Appellant. [30 NYS3d 108]—

Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about August 15, 2014, which, upon a finding that respondent had committed the family offenses of attempted assault in the third degree and disorderly conduct, directed her to, among other things, stay away from petitioner for a period of two years, unanimously affirmed, without costs.

Family Court properly determined that it had subject matter jurisdiction in this family offense proceeding, based on the intimate, familial relationship between the parties (*see* Family Ct Act § 812 [1] [e]). Petitioner is the foster mother of respondent's child and the sister of the child's father, and the parties had frequent communication and interaction over the years.

A fair preponderance of the evidence established that respondent had committed the family offenses of attempted assault in the third degree and disorderly conduct (Family Ct Act §§ 812 [1]; 832; *see* Penal Law §§ 110.00, 120.00 [1], [2]; 240.20). Petitioner testified that respondent lunged at her and threw a punch in her direction from less than a foot away during a supervised visitation with the child, and that respondent called and threatened petitioner the following day. Although respondent denied that she intended to hit petitioner during the visitation, she admitted that she was angry at petitioner, that they directed obscene language at each other, and that she was escorted from the premises by the police. Family Court credited petitioner's testimony over respondent's, and its credibility determination is entitled to deference (*see Matter of Marcela H-A. v Azouhouni A.*, 132 AD3d 566, 567 [1st Dept 2015]). Concur—Mazzarelli, J.P., Friedman, Andrias, Moskowitz and Kahn, JJ.