Matter of Keith M. v Tiffany S.S. (2019 NY Slip Op 08375)





Matter of Keith M. v Tiffany S.S.


2019 NY Slip Op 08375


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10382

[*1] In re Keith M., Petitioner-Respondent,
v
Tiffany S.S., Respondent-Appellant.


Steven P. Forbes, Jamaica, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about January 16, 2018, which, after a fact-finding hearing, found that respondent committed the family offenses of harassment in the second degree, disorderly conduct, grand larceny in the fourth degree, and identity theft, and found the existence of aggravating circumstances, and awarded petitioner a five-year order of protection directing respondent to, inter alia, stay away from him and the parties' child, except for supervised parenting time, unanimously modified, on the law, to vacate the findings of grand larceny in the fourth degree and identity theft, and otherwise affirmed, without costs.
Petitioner established by a preponderance of the evidence that respondent committed the family offenses of harassment in the second degree and disorderly conduct. Petitioner testified to physical altercations during which respondent choked him and cut his nose with a water bottle. There is also evidence that respondent repeatedly made false accusations against petitioner with respect to his treatment of their child (Penal Law § 240.26[1], [3]; § 240.20; see Matter of Doris M. v Yarenis P., 161 AD3d 502, 502-503 [1st Dept 2018]; Matter of Erica R. v LaQueenia S., 139 AD3d 422 [1st Dept 2016]). There exists no basis to disturb the court's credibility determinations (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]).
However, the evidence does not support a finding that respondent committed the family offenses of identity theft or grand larceny in the fourth degree. The evidence failed to show that the amount of money taken from petitioner's account exceeded $1,000 (Penal Law § 155.30[1]; Penal Law § 190.78).
The determination that aggravating circumstances existed to warrant the imposition of a five-year order of protection against respondent is supported by the record, including respondent's violations of prior court orders (see Family Ct Act § 827[a][vii]; § 842; Matter of Angela C. v Harris K., 102 AD3d 588, 589 [1st Dept 2013]).
Respondent's claim of ineffective assistance of counsel is unavailing (see Matter of Devin M. [Margaret W.], 119 AD3d 435, 437 [1st Dept 2014]. The record shows that respondent was afforded "meaningful representation" throughout the proceedings (People v Benevento, 91 NY2d 708, 712-713 [1998]).
We have considered respondent's remaining arguments, including that the court was biased against her, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK