Matter of D.K. v D.L. (2025 NY Slip Op 05462)

Matter of D.K. v D.L.

2025 NY Slip Op 05462

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Docket No. O-23059/22|Appeal No. 4881|Case No. 2023-05792|

[*1]In the Matter of D.K., Petitioner-Appellant,
v
D.L. Respondent-Respondent.

Phillip Katz, New York, attorney for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for respondent.

Order, Family Court, Bronx County (Lesley A. Johanssen, Ref.), entered on or about October 13, 2023, which, to the extent appealed from as limited by the briefs, upon a fact-finding determination, dismissed the petition for an order of protection due to insufficient evidence of the family offenses of disorderly conduct, harassment in the second degree, and menacing in the third degree, unanimously affirmed, without costs.
The determination that respondent's actions did not rise to the family offense of disorderly conduct, harassment in the second degree, or menacing in the third degree is supported by a fair preponderance of the evidence (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]; Penal Law §§ 240.20, 240.26, 120.15). The offense of disorderly conduct was properly dismissed as none of the alleged acts occurred in public, were intended to cause a public inconvenience, annoyance or alarm, or recklessly created such a risk (see Matter of Janice M. v Terrance J., 96 AD3d 482, 483 [1st Dept 2012]). No evidence was presented as to how respondent intended to cause or recklessly created a risk of causing, public inconvenience, annoyance, or alarm given that the altercation occurred in the parties' private residence (see Matter of Linda H. v Ahmed S., 188 AD3d 597, 599 [1st Dept 2020]).
With respect to the offense of harassment in the second degree, petitioner failed to adduce evidence that would support a finding that respondent engaged in a course of conduct or repeatedly committed acts which alarmed or seriously annoyed petitioner, and which served no legitimate purpose (Penal Law § 240.26 [3]). Petitioner's testimony that respondent cursed at him and demanded that he talk to her did not establish conduct that served no legitimate purpose. Use of foul or unpleasant language does not rise to the level of harassment (see Matter of Thelma U. v Miko U., 145 AD3d 527, 528 [1st Dept 2016]).
As for the offense of menacing in the third degree, nothing in the petition or testimony supports the claim that respondent's conduct put petitioner in fear of death, imminent serious injury, or physical injury (see Matter of Alexandra U. v Shalva S., 214 AD3d 468, 468-469 [1st Dept 2023]).
We find no basis for disturbing the court's determination crediting respondent's version of events over petitioner's version (see Matter of Marcela H-A. v Azouhouni A., 132 AD3d 566, 566-567 [1st Dept 2015]).
Family offense petitions must set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense (see Family Ct Act § 821 [1] [a]; Matter of Qin Fen Wang v Chee Kiang Foo, 171 AD3d 1187, 1188 [2d Dept 2019]). Here, Family Court properly concluded that certain allegations in the family offense petition were too vague to have put respondent on notice of the incidents to which petitioner testified at trial. They were thus properly excluded from Family Court's consideration. However, even if the allegations were properly included in the petition, our conclusions would be the same based on the court's credibility determinations and the elements of each family offense. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025