■ In the Matter of RICHARD M. LEWIS, Respondent, v SANDRA L. ROBINSON, Respondent. FRANCISCO BERRY, as Law Guardian, Appellant. [838 NYS2d 238]—

Crew III, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered June 20, 2006, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner and Skye Lewis are the biological parents of two children (born in 1998 and 2002). Following petitioner and Lewis's separation, the children resided with petitioner and Lewis exercised visitation with the children approximately three weekends each month. In December 2005, petitioner commenced this proceeding against respondent, the children's maternal

grandmother, seeking an order of protection in favor of his children. The petition alleged, among other things, that respondent exposed the children to violent movies, repeatedly informed the children that petitioner was "going to hell," made disparaging remarks to the children about petitioner and slapped Lewis in front of the children. Following a hearing, Family Court, among other things, dismissed petitioner's application upon the ground that it lacked geographical jurisdiction over this proceeding and, further, that respondent did not act with the requisite intent to harass, annoy or alarm. This appeal by the Law Guardian ensued.

Initially, we agree with the Law Guardian that Family Court erred in concluding that it lacked geographical jurisdiction over this matter. Although the altercation between respondent and Lewis occurred in the Town of Owego, Tioga County, venue for a proceeding pursuant to Family Ct Act article 8 lies in either "the county in which the act or acts referred to in the petition allegedly occurred or in which the family or household resides or in which any party resides" (Family Ct Act § 818). Inasmuch as petitioner and the children reside in Broome County, Family Court of Broome County plainly had jurisdiction to entertain the underlying family offense petition.

We nonetheless conclude, however, that Family Court quite properly dismissed petitioner's application. Simply put, while it is readily apparent that respondent acted in an irresponsible, immature and inappropriate manner and generally evidenced what Family Court appropriately characterized as a "reckless disregard for the emotional welfare of her granddaughters and a lack of understanding of her role as grandparent," her unwarranted comments and/or conduct do not reflect the intent required to support a finding that respondent committed harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26). In essence, while respondent clearly is guilty of exercising exceedingly poor judgment, that alone does not form the basis for the order of protection sought by petitioner. Accordingly, Family Court's order is affirmed.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.