In the Matter of ANTHONY J., Respondent, v DAVID K., Appellant, and DENISE K., Respondent. [895 NYS2d 245]—

Garry, J. Appeals from two orders of the Family Court of Broome County (Charnetsky, J.), entered January 23, 2009 and February 9, 2009, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner, who is incarcerated, is the biological father of two of the three children in this proceeding (born 1999 and 2001). Respondent Denise K. (hereinafter the mother) is the mother of all three children and is married to respondent David K. (hereinafter the stepfather), who is the biological father of the third child (born in 2006). Petitioner filed a family offense petition alleging that the stepfather had choked and assaulted one of petitioner's children (hereinafter the child). After a fact-finding hearing, Family Court found that the stepfather had acted "in a harassing manner" and that a family offense had occurred.* The court issued an enabling order and an order of protection directing the stepfather to refrain from using corporal punishment directed toward petitioner's children. The stepfather, supported by the mother, now appeals both orders.

The stepfather and the mother testified without contradiction that, after being sent to his room, the child became upset and swore at the stepfather. In response, the stepfather "grabbed" or "squeezed" the child's shoulder and told him to stay in his

* Family Court dismissed the petition insofar as it pertained to the stepfather's child on the ground that the father lacked standing, and dismissed the petition against the mother in its entirety.

room. The mother and stepfather testified that the child was not bruised or otherwise injured. The incident was investigated by local police, who filed no charges, and by the local Department of Social Services (hereinafter DSS), which concluded that there was no credible evidence of abuse or neglect. Family Court made a factual finding that, after the child "got a little bit out of control [and] used some very inappropriate language," the stepfather "sought to try and get him under control by grabbing his shoulder."

A respondent's conduct forms the basis for a family offense predicated on harassment in the second degree when "with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact" (Penal Law § 240.26 [1]; *see* Family Ct Act § 812 [1]). We find the proof of intent insufficient and, thus, petitioner did not meet his burden of establishing by a fair preponderance of the evidence that the stepfather's conduct constituted this offense (*see* Family Ct Act § 832). A child's caretaker may use reasonable physical force for the purpose of discipline (*see* Penal Law § 35.10 [1]; *see generally Matter of Collin H.*, 28 AD3d 806, 809 [2006]). The proof did not establish that the stepfather used unreasonable force or that his conduct was undertaken for any purpose other than discipline (*contrast People v Kearns*, 56 AD3d 1047, 1049 [2008], *lv denied* 12 NY3d 784 [2009]). In the absence of proof revealing the requisite intent, no family offense was established, and the order of protection was improperly issued (*see Matter of Lewis v Robinson*, 41 AD3d 996, 997 [2007]).

Cardona, P.J., Peters, Spain and Stein, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as partially granted the petition and issued an order of protection; petition dismissed in its entirety and order of protection vacated; and, as so modified, affirmed.