# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**201**

**KA 10-01906**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

FAISAL MOLLAIE, DEFENDANT-APPELLANT.

---

HOGAN WILLIG, AMHERST (GEFFREY GISMONDI OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered December 3, 2009. The judgment convicted defendant, upon a nonjury verdict, of harassment in the second degree.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of harassment in the second degree (Penal Law § 240.26 [1]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19). In any event, we reject that contention. The People presented the testimony of the victim that defendant attempted to strike her with a closed fist, followed her throughout their apartment, grabbed her repeatedly, and knocked her to the ground. In addition, they presented the testimony of a police officer who stated that he observed that the victim was bleeding and bruised immediately after the incident. That testimony is legally sufficient to establish that defendant, acting "with intent to harass, annoy or alarm [the victim,] . . . subject[ed her] . . . to physical contact, or attempt[ed] or threaten[ed]" to do so (§ 240.26 [1]; *see generally People v Bleakley*, 69 NY2d 490, 495). It is well settled that a "defendant may be presumed to intend the natural and probable consequences of his [or her] actions . . ., and [that] intent may be inferred from the totality of conduct of the accused" (*People v Mahoney*, 6 AD3d 1104, 1104, *lv denied* 3 NY3d 660 [internal citations and quotation marks omitted]; *see People v Roman*, 13 AD3d 1115, 1116, *lv denied* 4 NY3d 802). Moreover, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We have considered defendant's remaining contentions and conclude that they are without merit.

All concur except SCONIERS, J., who dissents and votes to reverse in accordance with the following Memorandum:  I agree with my colleagues that defendant failed to preserve for our review his contention that the conviction of harassment in the second degree (Penal Law § 240.26 [1]) is not supported by legally sufficient evidence.  Nevertheless, I respectfully dissent inasmuch as I agree with defendant that the evidence is in fact legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495), and in my view we should exercise our discretion to reach defendant's contention in the interest of justice and reverse the judgment (*see* CPL 470.15 [6] [a]).  "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]).  Here, the evidence established that, while defendant was in his apartment talking to a third party on his cellular telephone, his wife (complainant), grabbed the phone from his hand and ran away.  As a result, defendant chased the complainant throughout the apartment and repeatedly asked her to return the phone.  The complainant testified that, during the chase, defendant pushed her on the shoulder and grabbed her arm.  Both defendant and the complainant testified consistently that, throughout this incident, defendant repeatedly asked the complainant to return his phone and did not utter any threats.  Rather, he merely insisted that the phone be returned. Thus, while the evidence established that defendant intended to retrieve his phone from the complainant, it is insufficient to support the conclusion that he had the requisite "intent to harass, annoy or alarm another person" (§ 240.26).  Therefore, the proof of intent is insufficient to support the conviction of harassment in the second degree (*see generally Matter of Anthony J. v David K.*, 70 AD3d 1220, 1221; *Matter of Lewis v Robinson*, 41 AD3d 996, 997).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court