*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 9, 2015                    518787
                                                       518788
_____

In the Matter of SHARON D.,
                    Respondent,

        v

DARA K.,
                    Appellant,
                    et al.,
                    Respondent.

(Proceeding No.1.)                        MEMORANDUM AND ORDER
_____

In the Matter of VICTORIA J.,
                    Respondent,

        v

DARA K.,
                    Appellant.

(Proceeding No. 2.)
_____


Calendar Date:   June 5, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

                        _____


        Teresa C. Mulliken, Harpersfield, for appellant.

        Law Office of Renee Albaugh, Delhi (Renee J. Albaugh of
counsel), for Sharon D., respondent.

        Jehed F. Diamond, Delhi, for Victoria J., respondent.

        Larisa Obolensky, Delhi, attorney for the child.


                        _____

McCarthy, J.P.

Appeals (1) from an order of the Family Court of Delaware County (Becker, J.), entered February 28, 2014, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 8, for an order of protection, and (2) from an order of said court, entered April 1, 2014, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, for custody of the subject child.

The child at issue herein (born in March 2002) is the daughter of respondent Dara K. (hereinafter the mother). Petitioner Victoria J. (hereinafter the grandmother) is the child's maternal grandmother and is the sister of petitioner Sharon D. (hereinafter the great-aunt). In June 2013, the great-aunt commenced proceeding No. 1 pursuant to Family Ct Act article 6 seeking sole custody of the child, stressing that the child had lived with her since the child was one year old. Several days after the great-aunt commenced proceeding No. 1, the grandmother — who has resided at the great-aunt's house since roughly 2010 — initiated proceeding No. 2 pursuant to Family Ct Act article 8, accusing the mother of having committed a family offense by physically accosting her during a late May 2013 incident. Following fact-finding hearings as to both proceedings, Family Court (1) found that a family offense of disorderly conduct had occurred with respect to the May 2013 incident and entered a two-year order of protection in proceeding No. 2, and (2) granted the great-aunt's petition in proceeding No. 1 and awarded her sole custody. The mother now appeals from both orders.

With respect to proceeding No. 1, the custody petition, the mother's sole contention is that the great-aunt did not have standing to pursue custody of the child. A nonparent has the burden of proving the existence of extraordinary circumstances that warrant disregarding the parent's superior right to custody and proceeding to an assessment of the best interests of the child (see Matter of Sweeney v Sweeney, 127 AD3d 1259, 1260 [2015]; Matter of Battisti v Battisti, 121 AD3d 1196, 1196-1197 [2014]). "The pertinent factors to be considered in determining whether extraordinary circumstances exist include the length of

time the child has lived with the nonparent, the quality of that relationship and the length of time the []parent allowed such custody to continue without trying to assume the primary parental role" (Matter of Curless v McLarney, 125 AD3d 1193, 1195 [2015] [internal quotation marks and citations omitted]; see Matter of Battisti v Battisti, 121 AD3d at 1197).

The record demonstrates that the mother neglected to maintain a continuous relationship with the child. The evidence established that the periods of time that the mother lived with the child – in the great-aunt's house – were more incidental to the mother's housing needs than they were based on any attempt to provide the child with the support of a parent; on numerous occasions, the mother left the great-aunt's house and the child in order to live with various paramours for lengthy periods of time. In contrast, the child has lived with the great-aunt for the vast majority of her life, and the great-aunt testified to the activities in which she participated with the child, showing the closeness of their relationship. In addition, further testimony established that the mother would pull the child by the hair and would call the child "stupid" on occasions when she had assisted the child in doing homework.

Although the mother disputed some of the aforementioned evidence, we will defer to Family Court's credibility determinations (see Matter of Curless v McLarney, 125 AD3d at 1197). Given that the credited proof established a lengthy period of time during which the mother had allowed the great-aunt to functionally serve as the child's caretaker without the mother attempting to assume that role, and further established a significant difference between the quality of the relationship between the child and the mother and the quality of the relationship between the child and the great-aunt, there is a sound and substantial basis in the record to support the finding of extraordinary circumstances (see Matter of Battisti v Battisti, 121 AD3d at 1197; Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1049 [2014]).

Turning to proceeding No. 2, the family offense petition, we agree with the mother that the record does not contain

sufficient evidence to support the conclusion that the mother had the mens rea necessary to commit the family offense of disorderly conduct. Although the conduct necessary to support a finding of the family offense of disorderly conduct is not limited to that which took place in public (see Family Ct Act § 812 [1]), the requisite mens rea is that a person had the "intent to cause public inconvenience, annoyance or alarm, or recklessly creat[ed] a risk thereof" (Penal Law § 240.20; see Matter of Cassie v Cassie, 109 AD3d 337, 342-344 [2013]). Here, the evidence established that the mother engaged in a verbal and physical altercation with the grandmother within the confines of the great-aunt's home. No evidence was presented establishing the proximity of that altercation to neighbors or other members of the public such that the mother's actions could support a logical inference that she acted with intent or recklessness in regard to members of the public (see Dayan v Dayan, 126 AD3d 749, 749-750 [2015]; Matter of Shiffman v Handler, 115 AD3d 753, 753-754 [2014]; Matter of Cassie v Cassie, 109 AD3d at 344; Matter of Janice M. v Terrance J., 96 AD3d 482, 483 [2012]). Accordingly, we reverse that order and dismiss the petition in proceeding No. 2.

Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the order entered February 28, 2014 is reversed, on the law, without costs, and petition dismissed.

ORDERED that the order entered April 1, 2014 is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court