The People of the State of New York, Respondent,
against
Eli Cherkasky, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered November 5, 2015, after a nonjury trial, convicting him of criminal obstruction of breathing or blood circulation, assault in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered November 5, 2015, affirmed.
Defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict convicting defendant of third-degree assault (see Penal Law § 120.00[1]), criminal obstruction of breathing or blood circulation (see Penal Law § 121.11[a]) and second-degree harassment (see Penal Law § 240.26[1]) was based on legally sufficient evidence. The evidence established that defendant, who was intoxicated after a long day of drinking, became embroiled in a Halloween night altercation in a Manhattan bar, during which he exchanged harsh words with the female victim, a fellow patron, knocked her against a railing, tackled her to the floor, kneeled on top of her, grabbed her neck and struck her in the face. The element of intent to interfere with the victim's breathing (see Penal Law 121.11[a]) was satisfied by the victim's credited testimony that defendant grabbed her neck during the altercation and applied pressure, causing her to have difficulty breathing (see People v Briggs, 129 AD3d 1201, 1203 [2015], lv denied 26 NY3d 1038 [2015]; People v Peterson, 118 AD3d 1151, 1154 [2014], lvs denied 24 NY3d 1087 [2014]; People v Carte, 113 AD3d 191, 195 [2013], lv denied 23 NY3d 1035 [2014]). The evidence also supported the conclusion that defendant intended to cause, and did cause, physical injury to complainant (see Penal Law § 120.00[1]), including bruising, redness and swelling, which made it difficult for her to swallow, and substantial pain (see People v Mullings, 105 AD3d 407 [2013]; lv denied 21 NY3d 945 [2013]; Matter of Edward H., 61 AD3d 473, 473 [2009]), and that he intended to harass, annoy or alarm complainant (see Penal Law § 240.26[1]; People v Mollaie, 81 AD3d 1448 [2011]; People v Correa, 75 AD3d 478 [2010], lv denied 15 NY3d 892 [2010]).
We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). Issues of credibility, including the weight to be given [*2]to the inconsistencies in the victim's testimony, were properly considered by the court, and there is no basis to disturb its credibility determinations. In this regard, we note that the video evidence captured from security cameras was of poor quality. However, the trial court had the benefit of seeing the evidence in the context of the testimony of the individuals portrayed in the videos.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 31, 2016