■ In the Matter of THELMA U., Appellant, v MIKO U., Respondent. [43 NYS3d 321]—

Order, Family Court, New York County (Monica D. Shulman, Ref.), entered on or about July 10, 2014, which, upon a fact-finding determination, inter alia, dismissed the petition seeking an order of protection due to insufficient evidence of a family offense, unanimously affirmed, without costs.

The determination that respondent's actions did not rise to the family offense of either disorderly conduct or harassment in the second degree is supported by a fair preponderance of the evidence (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]; Penal Law §§ 240.20, 240.26 [3]). The offense of disorderly conduct was necessarily dismissed since none of the acts alleged occurred in public, were intended to cause a public inconvenience, annoyance or alarm, or recklessly created such a risk (see Matter of Janice M. v Terrance J., 96 AD3d 482 [1st Dept 2012]).

As for the offense of harassment in the second degree, petitioner failed to adduce evidence that would support a finding that respondent engaged in a course of conduct or repeatedly committed acts which alarmed or seriously annoyed petitioner, and which served no legitimate purpose (Penal Law § 240.26 [3]). Petitioner's testimony that respondent had banged on the door because he was locked out did not establish conduct that served no legitimate purpose (see generally Matter of Marquardt v Marquardt, 97 AD3d 1112 [4th Dept 2012]). Nor did respondent's use of foul and disparaging language to petitioner, although immature and inappropriate, rise to the level of harassment (see Matter of Lewis v Robinson, 41 AD3d 996 [3d Dept 2007]; see also Matter of Christina MM. v George MM., 103 AD3d 935 [3d Dept 2013]). Issues of credibility were properly resolved by the fact-finder (see Matter of F.B. v W.B., 248 AD2d 119 [1st Dept 1998]). Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.