■ In the Matter of DONNA C., Appellant, v KUNI C., Respondent. [50 NYS3d 339]—

Order, Family Court, New York County (Ta-Tanisha D. James, J.), entered on or about April 26, 2016, which, after a hearing, denied petitioner-appellant's violation petition for failure to establish a prima facie case, unanimously affirmed, without costs.

The Family Court's determination that respondent's actions did not rise to the level of the family offenses of aggravated harassment in the second degree, harassment in the second degree or disorderly conduct is supported by the evidence (*see* Family Ct Act § 832). In particular, petitioner failed to establish that respondent committed the family offense of harassment in

the second degree by sending her one text message on November 30, 2015 and two text messages on December 25, 2015. Respondent's use of foul and disparaging language to petitioner in his three text messages, although inappropriate, did not rise to the level of harassment (*see Matter of Thelma U. v Miko U.*, 145 AD3d 527 [1st Dept 2016]). Nor can it be said that respondent's conduct of sending petitioner the text messages served no legitimate purpose, because he sent them to discuss issues regarding their children (*see Matter of Cavanaugh v Madden*, 298 AD2d 390, 392 [2d Dept 2002]), or in response to messages she sent to him. There is no basis to disturb the court's credibility determinations (*see Matter of Everett C. v Oneida P.*, 61 AD3d 489 [1st Dept 2009]). Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.