People v Dublino (2019 NY Slip Op 03199)





People v Dublino


2019 NY Slip Op 03199


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


426 KA 18-00854

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS A. DUBLINO, DEFENDANT-APPELLANT. 






KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Matthew J. Murphy, III, A.J.), rendered July 26, 2017. The judgment convicted defendant, upon a nonjury verdict, of harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of harassment in the second degree (Penal Law
§ 240.26 [1]). As defendant correctly concedes, he failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, we reject that contention. "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact or attempts or threatens to do the same" (§ 240.26 [1]). "The crux of section 240.26 (1) is the element of physical contact: actual, attempted or threatened" (People v Bartkow, 96 NY2d 770, 772 [2001]). It is well established that a "defendant may be presumed to intend the natural and probable consequences of his [or her] actions . . . , and [that i]ntent may be inferred from the totality of conduct of the accused" (People v Mollaie, 81 AD3d 1448, 1449 [4th Dept 2011] [internal quotation marks omitted]). Here, the People presented evidence that, during an argument that began when the victim discovered a text message from another woman on defendant's phone, defendant grabbed the victim by the arm, shoved her to the ground, choked her, and threatened to kill her, and that defendant repeatedly threatened to physically harm and kill the victim after the initial physical altercation. In addition, the victim's testimony and photographs established that the victim suffered bruising, scratches, and marks on her arm. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant, acting "with intent to harass, annoy or alarm [the victim,] . . . subject[ed her] . . . to physical contact, or attempt[ed] or threaten[ed]" to do so (§ 240.26 [1]; see Mollaie, 81 AD3d at 1449; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Aikey, 153 AD3d 1603, 1603-1604 [4th Dept 2017], lv denied 30 NY3d 1058 [2017]; Mollaie, 81 AD3d at 1449; see generally Bleakley, 69 NY2d at 495).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court