Matter of Maame N.B. v Godwin E.D.C. (2019 NY Slip Op 07344)





Matter of Maame N.B. v Godwin E.D.C.


2019 NY Slip Op 07344


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


10053

[*1] In re Maame N.B., Petitioner-Appellant,
v
Godwin E. D.C., Respondent-Respondent.


Daniel R. Katz, New York, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.



Order, Family Court, New York County (Carol Goldstein, J.), entered on or about January 9, 2018, which, after a fact-finding hearing, dismissed the petition seeking an order of protection, unanimously affirmed, without costs.
The determination that respondent's actions were insufficient to constitute the family offenses of either menacing in the third degree or harassment in the second degree is supported by a fair preponderance of the evidence (Family Ct Act § 832). The offense of menacing in the third degree was necessarily dismissed since there was no testimony that respondent's conduct was physically menacing (Penal Law § 120.15; Matter of Akheem B., 308 AD2d 402, 403 [1st Dept 2003], lv denied 1 NY3d 506 [2004]). The claim of offense of harassment in the second degree was also deficient because petitioner failed to adduce evidence that respondent engaged in a course of conduct or repeatedly committed acts which alarmed or seriously annoyed petitioner, and which served no legitimate purpose (Penal Law § 240.26[3]; Matter of Thelma U. v Miko U., 145 AD3d 527, 528 [1st Dept 2016]). Petitioner's testimony that respondent threatened to kill her during a November 4, 2016 argument was not found credible by the trial court. Although petitioner testified that respondent repeatedly called her and sent her numerous emails daily, she only introduced two emails at the hearing, one of which, although unpleasant, did not rise to the level of harassment and the other was found inadmissible (id.).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK