Matter of Smith v Morrison (2021 NY Slip Op 04171)





Matter of Smith v Morrison


2021 NY Slip Op 04171


Decided on July 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 1, 2021

530752
[*1]In the Matter of Nicole Smith, Respondent,
v
Genoi Morrison, Appellant.

Calendar Date:May 26, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Dennis B. Laughlin, Cherry Valley, for appellant.
Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Family Court of Otsego County (Burns, J.), entered November 7, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.
Petitioner and respondent were involved in an intimate relationship that ended in April 2019. Later that same month, petitioner filed a family offense petition, alleging that respondent had been following her, threatened her friend and screamed in her face during a roadside altercation, prompting Family Court to issue a temporary order of protection. In June 2019, petitioner withdrew the petition and, in turn, Family Court dismissed it and vacated the temporary order of protection. In July 2019, petitioner filed a second family offense petition, realleging the facts underlying the April 2019 roadside altercation and averring that, in the month following Family Court's vacatur of the prior temporary order of protection, respondent continued to follow her around town. Family Court again issued a temporary order of protection and, following a fact-finding hearing, at which both petitioner and respondent testified, Family Court determined that petitioner had proved, by a fair preponderance of the evidence, that respondent had committed the family offenses of harassment in the second degree and disorderly conduct and issued a one-year stay away order of protection in favor of petitioner. Respondent appeals.[FN1]
Respondent contends that the evidence presented at the fact-finding hearing does not support Family Court's determination that he committed the family offenses of disorderly conduct and harassment in the second degree. We agree. As the party seeking an order of protection, it was petitioner's burden to establish, by a fair preponderance of the evidence, that respondent committed one of the family offenses set forth in Family Ct Act § 821 (1) (a) (see Family Ct Act § 832; Matter of Bedford v Seeley, 176 AD3d 1338, 1339 [2019]). As relevant here, "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person[,] . . . [h]e or she follows a person in or about a public place or places" (Penal Law § 240.26 [2]). Additionally, "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof[,] . . . [h]e [or she] engages in fighting or in violent, tumultuous or threatening behavior" (Penal Law § 240.20 [1]).
The evidence at the fact-finding hearing established that, in April 2019, after petitioner and respondent had ended their relationship, they made arrangements to meet so that petitioner could return respondent's hat. On the morning of the meeting, she observed respondent's vehicle parked along the road outside her residence and pulled over to return the hat. As she exited her vehicle, respondent crossed the road to meet her and a verbal altercation ensued between respondent and a male [*2]passenger of petitioner's vehicle. Respondent and petitioner thereafter continued to argue as they stood along the roadway, with the entire incident lasting a matter of minutes. Additionally, petitioner detailed numerous occasions between June 2019 and July 2019 when she observed respondent in and around the City of Oneonta, Otsego County. Petitioner testified that she observed respondent (1) in his work vehicle, stopped at an intersection after she had pulled out of the parking lot of her counselor's office, (2) at her doctor's office, (3) parked in the parking lot of a veterinary office near her residence, (4) driving by her mother's house while revving the engine of his vehicle and (5) at a local convenience store.
Although deference is customarily afforded to Family Court's fact-finding and credibility determinations (see Matter of Bedford v Seeley, 176 AD3d at 1339; Matter of Dawn DD. v James EE., 140 AD3d 1225, 1226 [2016], lv denied 28 NY3d 903 [2016]), here, even crediting petitioner's testimony that she observed defendant on the various dates and times to which she testified, she acknowledged that, other than looking in her direction, at no point in time did respondent ever approach her, attempt to speak with her or otherwise engage in any conduct that caused her to be scared or alarmed. Likewise, there was no evidence presented from which it can reasonably inferred that respondent was, in fact, following her around these public places. Petitioner acknowledged that she merely listed all the dates that she had observed respondent during the relevant time period; however, the evidence at the hearing demonstrated that respondent had legitimate reasons for being at the locations described, as opposed to having any intent to harass, annoy or alarm petitioner (see Penal Law § 240.26 [2]).
With respect to Family Court's disorderly conduct finding, other than a brief argument between the parties wherein it appears that the occupant of petitioner's vehicle was the initial aggressor and had used a racial epithet and threatened respondent as he approached petitioner's vehicle to retrieve his hat, the record does not otherwise contain sufficient evidence to support the conclusion that respondent had the requisite "intent to cause public inconvenience, annoyance or alarm, or recklessly creat[ed] a risk thereof" (Penal Law § 240.20 [1]; see Matter of Sharon D. v Dara K., 130 AD3d 1179, 1181 [2015]). Accordingly, we agree with respondent that the evidence presented at the hearing failed to establish, by a fair preponderance of the evidence, that he committed the family offenses of harassment in the second degree and disorderly conduct (see Penal Law §§ 240.20 [1]; 240.26 [2]; Matter of Benson v Smith, 178 AD3d 1429, 1430 [2019]; Matter of Sharon D. v Dara K., 130 AD3d at 1181).
Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.



Footnotes

Footnote 1: Although the subject order of protection expired on November 7, 2020, given the enduring consequences that may result from the fact that respondent has been adjudicated to have committed a family offense, respondent's appeal is not moot (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671-672 [2015]; Matter of McKenzie v Berkovitch, 192 AD3d 1413, 1414 [2021]).