Matter of Kilts v Kilts (2022 NY Slip Op 06660)

Matter of Kilts v Kilts

2022 NY Slip Op 06660

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

533056
[*1]In the Matter of Leicia Kilts, Respondent,
v
Timothy J. Kilts, Appellant.

Calendar Date:October 19, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Legal Aid Society of Mid-New York, Inc., Utica (Dre S. Cetra of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Family Court of Otsego County (Michael F. Getman, J.), entered February 8, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.
In October 2020, petitioner filed a family offense petition against respondent — her husband — seeking an order of protection. Petitioner alleged that respondent had committed several family offenses against her, including disorderly conduct based upon, among other things, respondent threatening to kill her and burn down their house. Following a fact-finding hearing, Family Court found that respondent had committed the family offense of disorderly conduct (see Penal Law § 240.20 [1]) and issued a six-month order of protection on petitioner's behalf. Respondent appeals.[FN1] We reverse.
"Petitioner, as the party seeking an order of protection, bears the burden of proving by a fair preponderance of the evidence that respondent committed a family offense" (Matter of Bedford v Seeley, 176 AD3d 1338, 1339 [3d Dept 2019] [citations omitted]; see Matter of Cassie v Cassie, 109 AD3d 337, 340 [2d Dept 2013]). As relevant here, "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof[,] . . . [h]e [or she] engages in fighting or in violent, tumultuous or threatening behavior" (Penal Law § 240.20 [1]). Pursuant to both CPL 530.11 (1) and Family Court Act § 812 (1), "'disorderly conduct' includes disorderly conduct not in a public place." Yet, "even where the conduct at issue is alleged to have occurred in a private residence, in order for a petitioner to meet his or her burden of establishing the family offense of disorderly conduct, there must be a prima facie showing that the conduct was either intended to cause, or recklessly created a risk of causing, public inconvenience, annoyance, or alarm. The intent to cause, or recklessness in causing, public harm, is the mens rea of the offense of disorderly conduct" (Matter of Cassie v Cassie, 109 AD3d at 342; see Matter of Nicole J. v Joshua J., 206 AD3d 1186, 1189 [3d Dept 2022]).
At the fact-finding hearing, petitioner testified on her own behalf, and respondent and a mutual friend of the parties testified for respondent.[FN2] Petitioner testified that she had been living with respondent and she filed the petition against him when he threatened her life. Petitioner explained that she was afraid of his threats on her life and she had "always been afraid of him." During cross-examination, petitioner testified that respondent threatened her life in September 2020 or October 2020 though she was unsure of specific dates. Petitioner stated that she had called the police on respondent a couple of times, and in the morning of the day respondent threatened her life, she believed she spoke with "Officer Morrison" or another sheriff's deputy but did not have an accompanying police report. Petitioner at first [*2]stated that she never told anyone about respondent's threat, but then stated that she told two friends about it, as well as her son-in-law. The mutual friend testified and raised credibility issues as to petitioner and voiced surprise as to the allegations. Respondent testified, denying the allegations.
Here, petitioner failed to meet her burden of making a prima facie showing that respondent had the requisite intent to create public inconvenience, annoyance or alarm, or recklessly causing a risk of the same (see Penal Law § 240.20 [1]; Matter of Nicole J. v Joshua J., 206 AD3d at 1189). In this respect, petitioner's evidence does not establish that respondent's actions were public in a manner that would support such a finding (see People v Baker, 20 NY3d 354, 359 [2013]; Matter of Cassie v Cassie, 109 AD3d at 344). Respondent's threat against petitioner's life would have undoubtedly caused public disorder if others had heard the threat (see Matter of Tamara A. v Anthony Wayne S., 110 AD3d 560, 560-561 [1st Dept 2013]); however, the record reveals that respondent appears to have threatened petitioner's life in only their company, and without having drawn the attention of others to the scene (see Matter of Nicole J. v Joshua J., 206 AD3d at 1189-1190; Matter of Sharon D. v Dara K., 130 AD3d 1179, 1181 [3d Dept 2015]; compare Matter of Bedford v Seeley, 176 AD3d at 1339). Further, although the police were called on one instance, without a police report in evidence, it is impossible to determine which one of the parties — or if, in fact, a neighbor — had called the police to therefore permit a finding that respondent's conduct rose to the level of creating a public disturbance. Accordingly, we reverse and dismiss the petition.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.

Footnotes

Footnote 1: "Although the subject order of protection expired on [August 5, 2021], given the enduring consequences that may result from the fact that respondent has been adjudicated to have committed a family offense, respondent's appeal is not moot" (Matter of Smith v Morrison, 196 AD3d 772, 773 n [3d Dept 2021] [citations omitted]).

Footnote 2: The Court also received affidavits from the parties' daughter and son-in-law. These affidavits were received and considered for dispositional purposes only and do not bear on whether petitioner met her burden of establishing a family offense.