Matter of Alyssa C. v Samuel L. W. (2023 NY Slip Op 02782)

Matter of Alyssa C. v Samuel L. W.

2023 NY Slip Op 02782

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-01904
 (Docket No. P-345-22)

[*1]In the Matter of Alyssa C. (Anonymous), respondent, 
v
Samuel L. W. (Anonymous), appellant.

Samuel L. W., Secaucus, New Jersey, appellant pro se.
Paul K. Siepmann, Patchogue, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, Samuel L. W. appeals from an order of the Family Court, Suffolk County (Mary E. Porter, J.), dated March 3, 2022. The order, insofar as appealed from, directed Samuel L. W. to submit to genetic marker testing to determine the subject child's paternity. By decision and order on motion dated May 2, 2022, this Court stayed enforcement of the order pending hearing and determination of the appeal.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the appeal is dismissed, without costs or disbursements.
In December 2021, Samuel L. W. commenced a proceeding pursuant to Family Court Act article 6 seeking, inter alia, parental access with the subject child (hereinafter the parental access proceeding). He alleged that he was the child's legal father as he was married to the child's mother at the time of the child's birth. In January 2022, the child's mother, Alyssa C. (hereinafter the mother), commenced this proceeding pursuant to Family Court Act article 5, alleging that Samuel L. W. was not the child's biological father. In an order dated March 3, 2022, the Family Court directed the parties and the child to submit to genetic marker testing. Samuel L. W. appeals.
In May 2022, Pedro G. commenced a proceeding pursuant to Family Court Act article 5 to establish his paternity with respect to the child. Thereafter, Samuel L. W. moved in the parental access proceeding, inter alia, to direct Pedro G. to submit to genetic marker testing. On October 11, 2022, the Family Court issued an order of filiation in the proceeding commenced by Pedro G. adjudging and declaring Pedro G. to be the child's father.
"Generally, courts are precluded 'from considering questions which, although once live, have become moot by passage of time or change in circumstances'" (Matter of Brianna L. [Marie A.], 103 AD3d 181, 185, quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714). An appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the [*2]judgment (see Matter of Brianna L. [Marie A.], 103 AD3d at 185). While this appeal was pending before this Court, the Family Court issued an order of filiation adjudging and declaring Pedro G. to be the child's father. The issue of the child's paternity has been resolved and a determination as to whether the court erred in directing Samuel L. W. to submit to genetic marker testing will not directly affect the rights of the parties. Accordingly, the appeal is academic and must be dismissed.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court