Matter of S.M.N. v B.T.N. (2024 NY Slip Op 03543)

Matter of S.M.N. v B.T.N.

2024 NY Slip Op 03543

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Moulton, J.P., Friedman, Kapnick, Shulman, Michael, JJ. 

Docket No. O-31589/18/19A, O-31589-18/20 Appeal No. 2571 Case No. 2022-00797 

[*1]In the Matter of S.M.N., Petitioner-Appellant,
v
B.T.N., Respondent-Respondent.

Shalom Task Force, New York (Erin Bistricer of counsel), for appellant.
Janet Neustaetter, The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for the child.

Order, Family Court, Bronx County (Leticia M. Ramirez, J.), entered on or about November 30, 2021, which, after a hearing, denied petitioner mother's violation petitions, with prejudice, for lack of aggravating circumstances, failure to establish the family offense of harassment in the second degree (Penal Law 240[3]), and failure to establish that respondent father received notice of a February 6, 2019 temporary order of protection, unanimously affirmed, without costs.
Family Court providently exercised its discretion in declining to find aggravating circumstances that would have served as a basis for extending the three-year order of protection dated July 23, 2019 (Family Ct Act §§ 827[a][vii], 842). The prior order was entered on consent, without admission of any wrongdoing or aggravating circumstances. The mother did not describe in her testimony or submit other evidence at the hearing to show that the father caused her physical injury, used a dangerous instrument against her, had prior convictions for crimes against her, had a history of repeatedly violating orders of protections, or exposed any family or household member to physical injury which constitutes an immediate danger to the mother or a member of her family or household.
Furthermore, a five-year order of protection, as requested by the mother at the hearing, could not issue based on the father's willful violation of the November 20, 2018 and February 6, 2019 temporary orders of protection, which expressly state they were issued ex parte, when the father was not present in court. There is no evidence that he was served with or acknowledged receipt of those orders before he purportedly violated them (compare Matter of Rosa N. v Luis F., 166 AD3d 451, 452 [1st Dept 2018]).
Family Court properly dismissed the mother's petition for failure to establish a prima facie case that the father's actions constituted the family offense of harassment in the second degree in violation of the July 23, 2019 order of protection. The mother's testimony failed to establish by a preponderance of the evidence that the father engaged in a course of conduct that was intended to harass, annoy or alarm her, that she was alarmed or seriously annoyed by his conduct, and that his conduct served no legitimate purpose (see Penal Law § 240.26[3]; Matter of Anthony B. v Judy M., 167 AD3d 476, 476 [1st Dept 2018]). His use of "foul and disparaging language" to the mother amidst a divorce and custody battle, "although immature and inappropriate," did not rise to the level of harassment (see Matter of Thelma U. v Miko U., 145 AD3d 527, 528 [1st Dept 2016]). The mother also failed to establish that his communications served no legitimate purpose because those statements were made while the parties were discussing child
visitation, or in response to messages she sent to him (see Matter of Donna C. v Kuni C., 148 AD3d 586, 587 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024