Matter of Emily SS. v Charles SS.

2026 NY Slip Op 02016

April 2, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Emily SS., Respondent,

v

Charles SS., Appellant. (And Other Related Proceedings.)

Decided and Entered:April 2, 2026

CV-24-2107

Calendar Date: February 17, 2026

Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher And Mackey, JJ.

Matthew C. Hug, Albany, for appellant.

Lisa K. Miller, McGraw, for respondent.

Natalie B. Miner, Homer, attorney for the child.

[*1]

Mackey, J.

Appeal from an order of the Family Court of Broome County (Brett Noonan, J.), entered November 19, 2024, which, in two proceedings pursuant to Family Ct Act articles 6 and 8, denied respondent's motion to vacate two prior orders issued on default.

Petitioner (hereinafter the mother) is the mother of the subject child (born in 2023). Shortly after the child was born, the mother filed a family offense petition against respondent — her husband — based upon allegations of abuse stemming from the paternity of the child. Relatedly, the mother also filed a custody petition pursuant to Family Ct Act article 6. Respondent was initially assigned counsel, however, during an initial appearance he adamantly insisted that he did not want an attorney, and he was thereafter permitted to proceed pro se. Respondent failed to appear at the subsequent fact-finding hearing on the petitions, and Family Court conducted the hearing in his absence, ultimately issuing two orders upon respondent's default — the first being an order of protection in favor of the mother and the child, with the second default order awarding sole custody of the child to the mother. Respondent thereafter filed several motions, unsuccessfully attempting to vacate the default orders. In August 2024, respondent moved to vacate the default orders for a sixth time, which motion Family Court denied. Respondent, now represented by counsel, appeals.

In February and August 2024, respondent filed multiple custody modification petitions as to the subject child. The mother in turn filed a petition seeking to vacate respondent's acknowledgment of paternity, and genetic marker testing was ordered. During the pendency of this appeal, Family Court dismissed respondent's custody modification petitions and issued an order vacating respondent's acknowledgment of paternity after the ordered genetic testing established that a different individual, and not respondent, is the biological father of the child. Upon this basis, the court further vacated the underlying order of custody entered upon respondent's default. Accordingly, Family Court's denial of respondent's motion to vacate the same has been rendered moot (see generally Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]; see also Matter of Alyssa C. v Samuel L.W., 216 AD3d 1091, 1092 [2d Dept 2023]; Matter of Matt J.F. v Billie L.F., 126 AD3d 1488, 1488 [4th Dept 2015]).

Respondent's remaining challenge to the denial of his motion to vacate the order of protection has likewise been rendered moot, as the order expired by its own terms in October 2025 (see Matter of Sandra G. v Victor P., 71 AD3d 588, 588 [1st Dept 2010], lv dismissed 15 NY3d 862 [2010]). Moreover, as the order was not issued with adverse findings, respondent is not otherwise prejudiced by potential "enduring consequences" (Matter of Jonnilyn C. v Amy D., 244 AD3d 1462, 1463 [3d Dept 2025] [internal quotation marks and citations omitted]; [*2]see Matter of Schreiber v Schreiber, 2 AD3d 1094, 1095 [3d Dept 2003]; compare Matter of Smith v Morrison, 196 AD3d 772, 773 n [3d Dept 2021]).

Aarons, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.

ORDERED that the appeal is dismissed, as moot, without costs.