■ Commercial Insurance Company of Newark, New Jersey, Respondent, v Ronald Popadich et al., Defendants, and Chetan Mangat, Appellant. [890 NYS2d 36]—

Plaintiff insurer seeks a declaration that it owed no duty to defend or indemnify defendant Popadich, the insured, in personal injury actions commenced against him by the other defendants, including Mangat. By his own admission, Popadich, on two dates in February 2002, ran down 27 pedestrians with his automobile on the streets of Manhattan. Plaintiff had appointed counsel to represent Popadich in a Kings County action that ended with an award of summary judgment determining that Mangat's injuries were caused by Popadich's negligence. That result does not collaterally estop plaintiff in this action because the Kings County action did not involve the issue of intentional conduct (*see Color by Pergament v O'Henry's Film Works*, 278 AD2d 92 [2000]). In addition, plaintiff and Popadich are not in privity, as their interests ceased to be identical and instead became adversarial when plaintiff proceeded to defend Popadich under a reservation of rights and subsequently denied coverage (*see Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 401 [1981]). Contrary to Mangat's apparent contention,

plaintiff could not have caused Popadich's counsel in the Kings County action to raise the issue of whether Popadich had committed an intentional tort (*see Farm Bur. Mut. Auto. Ins. Co. v Hammer*, 177 F2d 793, 801 [4th Cir 1949], *cert denied sub nom. Beverage v Farm Bureau Mut. Automobile Ins. Co.*, 339 US 914 [1950]; *cf. Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 452 [1993] ["under established agency principles (insurer) may fairly be required to act in the insured's best interests"]).

The statements made by Popadich after his arrest support summary judgment in plaintiff's favor. In particular, the transcript of his confession, which he signed and the accuracy of which was sworn to by a detective, shows that Popadich admitted that he had driven his vehicle into Manhattan on two occasions with the purpose of running over as many people as possible. That confession is not hearsay, and is admissible against Mangat as a declaration against interest (*see Basile v Huntington Util. Fuel Corp.*, 60 AD2d 616, 617 [1977]; ["Unlike an admission, which may be used only against the party who made it or against his privies in interest, a declaration against interest may be introduced in evidence by or against any one" (internal quotation marks omitted)]).

Finally, when construing an insurance policy, the tests to be applied are common speech and the reasonable expectation of an ordinary person (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]). Here, the automobile liability policy issued by plaintiff provides no coverage for bodily injury that "[m]ay reasonably be expected to result from the intentional or criminal acts of any covered person" or "[i]s in fact intended by any covered person." "Thus, there is no insurance coverage under the terms of the policy if the resulting injury could reasonably be expected from the conduct. The court must look at the transaction as a whole in determining whether an accident has occurred" (*Allstate Ins. Co. v Ruggiero*, 239 AD2d 369, 370 [1997] [citation omitted]). Based on the evidence, Mangat's injuries were to be reasonably expected by Popadich when he drove his vehicle through the streets of Manhattan with the purpose of causing as much harm to as many people as possible. Accordingly, plaintiff was not obligated to defend or indemnify him. Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ.