■ VENTUR GROUP, LLC, Appellant, v DIANE FINNERTY et al., Respondents. [915 NYS2d 64]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered April 9, 2010, which granted defendant Finnerty's motion to stay arbitration of plaintiff's counterclaims in the arbitration commenced by Finnerty and to permanently enjoin plaintiff from pursuing its arbitration counterclaims, unanimously affirmed, without costs.

In January 2005, plaintiff entered into a purchase agreement to acquire the assets of two investment advisory firms, which were owned and operated by defendant Diane Finnerty (investment advisory firms). Under the agreement, these assets consisted of management agreements with clients, which could not be assigned without consent. It further provided that "there can be no assurance that Client Consent can or will be obtained with respect to any Management Agreement or any particular number of Management Agreements," and no adjustment to the purchase price would be made as a result of failure to obtain client consent.

Under the purchase agreement, defendant Finnerty was obligated to become an employee and officer of plaintiff. Thus, she subsequently entered into an employment agreement with plaintiff that made her plaintiff's president and required her to diligently perform all services attendant to that title, including assisting plaintiff with the transfer of the client interest (i.e., obtaining the clients' consent to transfer) and helping plaintiff maintain the new clients.

Ultimately, many of the investment advisory firms' clients declined to transfer to plaintiff. As a result, in December 2006, plaintiff commenced this action against Finnerty and the two investment advisory firms she operated, asserting causes of action for breach of contract and fraudulent inducement. Plaintiff alleged that, during negotiations, Finnerty made knowingly false representations on which plaintiff relied in entering into the agreement, specifically that Finnerty was the person who had the primary relationship with the investment management clients and that she owned those clients. Plaintiff also alleged that Finnerty took no steps to facilitate the transfer of goodwill after the closing, although she had been hired, pursuant to the employment agreement, for the purpose of assisting in the transition and maintaining the clients.

In August 2008, defendants moved for summary judgment dismissing the complaint. Supreme Court dismissed all causes

of action other than the fraudulent inducement and breach of contract claims. On appeal, this Court ordered that the underlying complaint be dismissed in its entirety (68 AD3d 638 [2009]). First, this Court found that the fraud claim failed because plaintiff could not "demonstrate justifiable reliance" where it failed to make any effort to verify Finnerty's alleged misrepresentations concerning the client relationships and the employee's role in the business (*id.* at 639). Second, this Court found that the breach of contract claim failed because the evidence plaintiff submitted was insufficient "to raise an issue of fact as to whether Finnerty breached her obligation to use best efforts to obtain consents from the [former] clients, or that any particular client was lost as a result of such breach" (*id.*).

Prior to this Court's dismissal, Finnerty commenced an arbitration of her claims against plaintiff for nonpayment under the employment agreement. Plaintiff asserted two counterclaims in the arbitration, alleging that Finnerty breached both the employment agreement and her fiduciary duty to plaintiff as an officer and employee thereof. After we dismissed plaintiff's action, Finnerty moved to stay arbitration and enjoin plaintiff from pursuing its arbitration counterclaims on the ground that collateral estoppel precluded plaintiff from relitigating issues that were necessarily decided in the dismissed lawsuit. Supreme Court granted the motion in its entirety, and plaintiff appealed.

We now hold that plaintiff's counterclaims against Finnerty are barred by collateral estoppel. Collateral estoppel, or issue preclusion, "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see also Burgos v Hopkins*, 14 F3d 787, 792 [2d Cir 1994]). The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action (*Ryan* at 500-501; *see also Merrill Lynch, Pierce, Fenner & Smith v Benjamin*, 1 AD3d 39 [2003]).

The dispositive factual issues in plaintiff's counterclaims against Finnerty are identical to the factual allegation of breach of contract asserted against the corporate defendants and decided against plaintiff in the action. In its arbitration counterclaims, plaintiff essentially argues that Finnerty breached her duties as an employee by failing to "diligently perform" her employment contract duties to facilitate the transfer of the clients' goodwill to plaintiff and to "maintain"

such goodwill. On the prior appeal, we explicitly found plaintiff failed to "raise an issue of fact as to whether Finnerty breached her obligation to use best efforts to obtain consents from the [former] clients, or that any particular client was lost as a result of such breach" (68 AD3d at 639). Thus, the essential factual issues dispositive of the counterclaims of breach of employment duties were necessarily decided. Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ.