■ RALPH BRANNON, Appellant, v MAURA McHUGH JOSEPH MILLS et al., Defendants, and PAUL SCHREIBER et al., Respondents. [932 NYS2d 483]—

Plaintiff, an attorney employed by HPD, was charged by the agency with violating its Code of Conduct, based on allegations that after approaching another attorney in a hallway outside a courtroom and seeking unsuccessfully to settle a case he placed his hand on the attorney's arm and asked her for a kiss. After a hearing, the ALJ sustained the charges and recommended a 30-day suspension without pay. HPD adopted the findings and recommendations of the ALJ, and plaintiff appealed to the Civil Service Commission. While the appeal was pending, he commenced this action, alleging defamation and retaliatory employment action and, later, malicious prosecution. The Civil Service Commission affirmed HPD's determination.

Plaintiff's complaint is premised on his denial of culpability for the conduct charged by HPD and his assertion that the disciplinary proceeding was baseless. However, the Civil Service Commission's affirmance of HPD's determination was "final and conclusive, and not subject to further review in any court" (Civil Service Law § 76 [3]). Pursuant to the doctrine of collateral estoppel, it provides a complete defense to plaintiff's claims against the City defendants in this action (see *Ryan v New York Tel. Co.*, 62 NY2d 494, 499 [1984]; *Ventur Group, LLC v Finnerty*, 80 AD3d 474, 475 [2011]).

We also find that there is no basis for concluding that the disciplinary action was commenced in retaliation for a letter written by plaintiff 3½ years earlier to an assistant commissioner, complaining that the prices of properties offered for sale by the agency were improper. Nor does the complaint allege a hostile work environment; that claim would, in any event, be time-barred.

Plaintiff's motion for leave to amend the complaint plainly lacks merit (see *Eighth Ave. Garage Corp. v H.K.L. Realty Corp.*, 60 AD3d 404 [2009], *lv dismissed* 12 NY3d 880 [2009]). Moreover, there is no authority for plaintiff's proposed hybrid proceeding. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Renwick and Abdus-Salaam, JJ.