■ In the Matter of MARISELA N., Respondent, v LACY M.S., Appellant. [988 NYS2d 4]—

Order, Family Court, Bronx County (David B. Cohen, J.), entered on or about November 9, 2012, which, inter alia, denied appellant paternal grandmother's motion to vacate a two-year order of protection for the benefit of the subject children and petitioner-respondent mother, dated January 19, 2012, issued after a hearing, unanimously affirmed, without costs.

Although the order of protection has expired, the appeal is not moot because the grandmother continues to suffer a permanent and enduring stigma from the order and the underlying findings against her (*see Matter of Diallo v Diallo*, 68 AD3d 411 [1st Dept 2009], *lv dismissed* 14 NY3d 854 [2010]). Nor does collateral estoppel bar her from raising her appellate claim since the consequences of the order of protection were not a significant part of her argument before this Court on her direct appeal from the order of protection (*see Matter of Marisela N. v Lacy M.S.*, 101 AD3d 425 [1st Dept 2012]; *Ventur Group, LLC v Finnerty*, 80 AD3d 474, 475 [1st Dept 2011]).

The court providently exercised its discretion in denying appellant's motion to vacate its prior order and for a new hearing based on the alleged ineffective assistance of counsel, who, she alleged, declined to present certain evidence at the original hearing. As the court noted, the attorney actively advocated for his client at the hearing, presented testimony, cross-examined

witnesses, and disagreements between the attorney and his client were not evident. After reviewing the evidence the attorney declined to offer at the hearing, the court properly found that it would not have changed the result, and, in fact, was mostly unfavorable to appellant. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Kapnick, JJ.