■ In the Matter of RALPH BRANNON, Petitioner, v NEW YORK CITY OFFICE OF ADMINISTRATIVE HEARINGS AND TRIALS et al., Respondents. [1 NYS3d 811]—

Determination of respondent New York City Department of Housing Preservation and Development (HPD), dated November 17, 2011, adopting the report and recommendation of an administrative law judge, which, after a hearing, found petitioner guilty of misconduct and terminated his employment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Eileen A. Rakower, J.], entered Sept. 24, 2012), dismissed, without costs.

Substantial evidence supports the determination that petitioner engaged in misconduct by representing a tenant in litigation against the New York City Housing Authority while petitioner was employed as an attorney for respondent, by using respondent's resources in the course of that representation, and by refusing to comply with directives to appear for investigatory interviews (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]). Although petitioner is correct that a violation of New York City Charter

§ 2604 (b) (7) was not established given the absence of any evidence that he received any compensation for representing the tenant (*see* NY City Charter § 2601 [4]), there was substantial evidence that petitioner violated other laws and orders in connection with that representation, including New York City Charter § 2604 (b) (2) and HPD Commissioner Order 2009-1 (4) (a).

The penalty imposed does not shock our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]), given, among other things, petitioner's refusal to appear for duly scheduled investigatory interviews even after receiving use immunity (*see Matter of Waugh v New York City Fire Dept.*, 34 AD3d 401 [1st Dept 2006], *lv denied* 9 NY3d 802 [2007]), and his prior 30-day suspension for misconduct (*see Brannon v Mills*, 89 AD3d 536, 537 [1st Dept 2011]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Andrias, Richter and Gische, JJ.