■ In the Matter of RAMONA A.A., Respondent, v JUAN M.N., Appellant. [3 NYS3d 599]—

---

Order of protection, Family Court, New York County (Diane Costanzo, Ref.), entered on or about May 13, 2010, against respondent Juan M.N., after a fact-finding determination that he had committed the family offense of harassment in the second degree, unanimously affirmed, without costs.

Although the order of protection has expired, we address the merits of the appeal, since enduring consequences may flow from the adjudication that respondent has committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668 [2015]; Matter of Marisela N. v Lacy M.S., 118 AD3d 449, 449 [1st Dept 2014]).

A fair preponderance of the evidence supports the Referee's finding that respondent committed the family offense of harassment in the second degree, warranting the issuance of a two-year order of protection against him (see Family Ct Act §§ 812 [1]; 832, 842; Penal Law § 240.26 [1]). Petitioner, respondent's sister, testified that respondent, while living with her and her family, threatened to kill her on multiple occasions in 2009 and 2010, and told her that he was going to poison her family's food and set fire to the apartment (see Matter of Tamara A. v Anthony Wayne S., 110 AD3d 560, 560-561 [1st Dept 2013]). Respondent's intent to harass, annoy or alarm petitioner may be inferred from his threats (see McGuffog v Ginsberg, 266 AD2d 136 [1st Dept 1999]).

The Referee properly ordered respondent to stay away from petitioner's home and her child, because respondent's threats involved the home and the entire family, including the child (see Matter of Angela C. v Harris K., 102 AD3d 588, 590 [1st Dept 2013]; Barbara E. v John E., 44 AD3d 426, 427 [1st Dept 2007]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, DeGrasse, Manzanet-Daniels and Clark, JJ.