Matter of Maxine B. v Richard C. (2020 NY Slip Op 00482)





Matter of Maxine B. v Richard C.


2020 NY Slip Op 00482


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


10833

[*1] In re Maxine B., Petitioner-Respondent,
v
Richard C., Respondent-Appellant.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Leslie S. Lowenstein, Woodmere, for respondent.



Order of protection, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about July 31, 2018, in favor of petitioner against respondent, upon a finding, after a fact-finding hearing, that respondent committed menacing in the third degree, unanimously affirmed, without costs.
Respondent, who is petitioner's son, contends that the court erred in issuing the order of protection because petitioner stated in court that she did not want or need the order. However, a review of the record as a whole demonstrates that the statements cited by respondent, which petitioner made in a courtroom in which respondent was present and listening to her testimony, do not, in and of themselves, fully reflect petitioner's wishes. The record contains multiple temporary orders of protection obtained on petitioner's behalf and the sworn testimony of a social worker, which the court found credible, about the various ways that respondent isolated, controlled, and abused his mother. It also contains transcripts of proceedings on May 18, 2018, during which, in petitioner's presence, her counsel stated that petitioner was afraid to return home because respondent was living there and that she needed a stay-away order that would expressly apply to the home. At this appearance, during which respondent was not in the courtroom but in the hallway outside, petitioner did not object to her counsel's representations.
Nor do the cases that respondent cites support his argument, as they involve applications to withdraw or dismiss family offense proceedings.
Contrary to respondent's contention, petitioner established by a preponderance of the evidence that respondent committed menacing in the third degree, i.e., that, by physical menace, he intentionally placed her in fear of physical injury (which he then caused her) (Penal Law § 120.15; Family Court Act § 832; see Matter of Kristina L. v Elizabeth M., 156 AD3d 1162, 1165 [3d Dept 2017], lv denied 31 NY3d 901 [2018]). Petitioner testified that, in December 2016, after respondent became angry with her for making noise while cooking at 2:00 a.m., "we struggled together." Although she could not recall details, she testified that during the struggle she sustained a black eye. Respondent acknowledged that he had "probably" caused the black eye, but testified that he had acted in self-defense. The court found that his testimony lacked credibility; we accord deference to this and the court's other credibility assessments (see Matter of Hany A. v Eric A., 158 AD3d 545 [1st Dept 2018], lv denied 31 NY3d 904 [2018]). We note that respondent also claimed not even to have noticed that petitioner, with whom he resided, had a black eye.
Respondent failed to demonstrate that the admission of evidence concerning his alleged violence against his girlfriends was prejudicial. The court did not rely on, or even mention, the evidence in its decision.
Respondent failed to preserve his argument that he was deprived of the right to counsel by the court's generic directive, at the close of proceedings, that he not consult with anyone about his still incomplete testimony. In any event, the argument is unavailing. Respondent has articulated no specific prejudice resulting from the court's directive, which, moreover, the court [*2]never said applied to consultations with counsel (see People v Riddick (307 AD2d 821 [1st Dept 2003], lv denied 1 NY3d 540, 541 [2003]).
We decline to consider respondent's unpreserved argument that the social worker who filed the petition on behalf of petitioner lacked the authority to commence these proceedings
(see Family Court Act § 822).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK