Matter of Phyllis H v Didier C. (2020 NY Slip Op 02537)





Matter of Phyllis H v Didier C.


2020 NY Slip Op 02537


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11423 -5247/18

[*1]In re Phyllis H., Petitioner-Respondent,
v
Didier C., Respondent-Appellant.


Tennille M. Tatum-Evans, New York, for appellant.



Order, Family Court, New York County (Carol Goldstein, J.), entered on or about November 27, 2018, which, to the extent appealed from as limited by the brief, upon a factual finding that respondent committed the family offense of aggravated harassment in the second degree, granted a two-year order of protection, unanimously affirmed, without costs.
Family Court properly exercised jurisdiction over this matter pursuant to Family Court Act § 812(1)(e), as the undisputed evidence establishes that the parties previously had an intimate relationship (see Matter of Kimberly O. v Jahed M., 152 AD3d 441 [1st Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Sonia S. v Pedro Antonio S., 139 AD3d 546, 547 [1st Dept 2016]). That they were not romantically involved for a number of years preceding the filing of the petition is of no moment under the statute (see Matter of Willis v Rhinehart, 76 AD3d 641, 643 [2d Dept 2010]).
Although the court did not specify the precise criminal offense on which its finding that respondent committed a family offense was predicated, the record is sufficient to find that a preponderance of the evidence establishes that, with intent to harass petitioner, respondent committed the offense of aggravated harassment in the second degree by communicating to her a threat to cause her physical harm (see Penal Law § 240.30[1][a]; see Matter of Shank v Miller, 148 AD3d 1160 [2d Dept 2017]).
We discern no basis for disturbing the court's credibility determinations (see Matter of Fayona C. v Christopher T., 103 AD3d 424, 425 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK