Matter of Linda H. v Ahmed S. (2020 NY Slip Op 06951)





Matter of Linda H. v Ahmed S.


2020 NY Slip Op 06951


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Docket No. O-24835/16 Appeal No. 12457-12458 Case No. 2018-2933 2019-03058 

[*1]In the Matter of Linda H., Petitioner-Appellant,
v
Ahmed S., Respondent-Respondent.
In the Matter of Linda H., Petitioner-Respondent,
v
Ahmed S., Respondent-Appellant.


Beth E. Goldman, New York (Rachel Lieb of counsel), for appellant/respondent.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent/appellant.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about March 13, 2018, which, after a trial, to the extent appealed from as limited by the briefs, dismissed all but two alleged family offenses, coercion (Penal Law §135.60) and sexual misconduct (Penal Law §130.20), and declined to find aggravating circumstances to warrant issuance of an order of protection longer than one year, unanimously affirmed, without costs.
Both parties, petitioner Linda H. (Linda) and respondent Ahmed S. (Ahmed), appeal, but neither shows reason to revisit Family Court's determinations. On a family offense petition, the petitioner has the burden to demonstrate, by a fair preponderance of the evidence, that respondent committed the alleged family offenses (Family Ct Act§ 832). Whether a family offense has been committed is a factual issue to be resolved by Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal (Matter of Erin C. v Walid M., 165 AD3d 547 [1st Dept 2018]; Matter of Lisa S. v. William V., 95 AD3d 666 [1st Dept 2012]; Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]).
Linda argues the court reached conclusions without the benefit of expert testimony or medical records, but it was her burden to furnish such proof to corroborate her claims. Her case largely hinged on her and her sister's testimony, and she offers no grounds to revisit the court's assessment of their credibility.
She argues her claim for assault in the second degree, which arose from an October or November 2009 incident when Ahmed allegedly grabbed a full pot of food cooking on the stove and brought it down on her head, should not have been dismissed. However, Family Court reasonably found Linda's testimony not credible because she did not testify to any burns, despite testifying the pot was hot at the time of the alleged attack. Moreover, Linda's inability to recall whether Ahmed, who had been in a car accident, was on crutches at the time cast further doubt, as the alleged attack involved his lifting a pot full of food off of the stove and bringing it down forcefully on her head.
Linda argues the court should not have dismissed her claim for assault in the third degree because her and her sister's testimony aligned, but although she and her sister both used the phrase "2 to 3" to describe injuries, Linda testified to having bruises that were "2-3 inches in size" while her sister used the phrase to describe how many bruises she saw; their testimony is thus not as aligned as Linda avers. Moreover, her sister had no independent knowledge of how the bruises came about; her source was Linda herself.
The claim for criminal obstruction of breathing arises from matters that previously led to Ahmed's arrest and a criminal order of protection, and Linda does not explain how Family Court's failure to mention these matters would have affected its determination here. 
She argues the court should have found her testimony credible as to two 2008 incidents that underlay her claim for harassment in the second degree, but she offers no reason to revisit Family Court's first-hand credibility assessment. She argues the court should have found her testimony credible as to the 2011 and 2012 incidents that underlay her claim for menacing in the third degree, but again offers no reason for this Court to revisit Family Court's first-hand assessment of her credibility. 
Her claim for stalking in the fourth degree arises from an incident that led to Ahmed's rearrest and was the subject of proceedings arising from his alleged violation of the criminal order of protection, but Ahmed states such proceedings were dismissed, and Linda does not show otherwise nor explain why Family Court should nevertheless have found him to have committed the offense.
She challenges dismissal of her claim for reckless endangerment in the second degree, which arises from an alleged November 3, 2012 violent assault by Ahmed during which a hijab pin pierced her neck. She argues the court, in focusing on the absence of concussion or bruising in her medical records, failed to acknowledge that she would have been dressed in a hijab, which would have hidden such injuries. However, she does not substantiate that she would have been in [*2]a hijab during the entirety of her hospital visits such that her alleged bruises would not have been detected, and she does not address the issue of concussions.
The disorderly conduct claim arises from incidents where Linda claims Ahmed attacked her in their home in the children's presence, the children would cry and scream, and cause a disturbance, but Linda offered no evidence that any public disturbance was caused. She cites Family Ct Act § 812's provision that the conduct itself need not have occurred in a public place, but "even where the conduct at issue is alleged to have occurred in a private residence, in order for a petitioner to meet his or her burden of establishing the family offense of disorderly conduct, there must be a primafacie showing that the conduct was either intended to cause, or recklessly created a risk of causing, public inconvenience, annoyance, or alarm. The intent to cause, or recklessness in causing, public harm, is the mens rea of the offense of disorderly conduct" (Matter of Cassie v Cassie, 109 AD3d 337, 342 [2d Dept 2013]; see also Matter of Janice M. v Terrance J., 96 AD3d 482 [1st Dept 2012]).
Linda does not show the court abused its discretion in declining to find aggravating circumstances (Family Ct Act §§ 827[a][vii]; 842; Matter of Anecia S.H. v Grevelle D.B., 173 AD3d 441 [1st Dept 2019]). It acknowledged she reported domestic violence during certain hospital visits, but found the hospital records inconclusive on this issue, given repeated instances when she also denied domestic violence and declined medical evaluation. Linda cites her testimony as to other violent incidents, including the incident with the kitchen pot, which she characterizes as a dangerous instrument for purposes of Family Ct Act § 827, but the court did not find such testimony credible. She claims aggravating circumstances exist because certain incidents occurred in front of the children but cites to no proof beyond her testimony that this occurred. Moreover, we note that, at the conclusion of proceedings before Family Court, the attorney for the children did not request that the children be included in an order of protection, and the attorney for the children takes no position on this appeal. Linda cites Ahmed's alleged violation of an order of protection when he visited with the children when they were in her relative's care but offered no proof from that relative or otherwise to substantiate her claim that this occurred.
We find Ahmed's arguments unavailing as well, as the court properly found he committed coercion (Penal Law § 135.60) and sexual misconduct (Penal Law§ 130.20). As to the former, the court relied not only on Linda's testimony, but on medical records showing she left the hospital against medical advice, and because he was forcing her to do so, and Ahmed presents no reason to question these records. As to the latter, the reasons why the court called the credibility of Linda's testimony into question as to other incidents do not apply to those that underlay the sexual misconduct claim. The alleged sexual assault occurred before Ahmed's car accident, and questions concerning his physical capacity at the time are thus inapplicable. Nor was the alleged assault of a type that would have resulted in bruising, concussion, or other injuries, reference to which was notably absent from hospital records. We accordingly find that Family Court properly approached this alleged offense differently.
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020