Matter of Jason Jiyell J. (2022 NY Slip Op 01417)





Matter of Jason Jiyell J.


2022 NY Slip Op 01417


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: +Kapnick, J.P., Gesmer, Oing, Singh, Scarpulla, JJ. 


Docket No. O-34141/16, G-04543/19 Appeal No. 15451-15452 Case No. 2020-02856, 2020-02857 

[*1]In the Matter of Jason Jiyell J., Also Known as Jason J., a Child Under Eighteen Years of Age, etc.
In the Matter of Gwendolyn E., Petitioner-Respondent, John M., Respondent-Appellant.


The Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), for appellant.
Marion C. Perry, Brooklyn, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order, Family Court, New York County (Clark V. Richardson, J., by Karen Lupuloff, J.), entered on or about May 18, 2020, and order, same court and Judge, entered on or about May 12, 2020, which, after a hearing, granted the petition of the child's paternal grandmother, Gwendolyn E., to appoint her kinship guardian of the subject child, and, upon finding that respondent committed the family offenses of harassment in the second degree, menacing in the third degree, and disorderly conduct, granted her family offense petition, unanimously affirmed, without costs.
Petitioner proved by a preponderance of the evidence (see Family Ct Act § 832) that respondent, her son, committed the family offenses of harassment in the second degree (Penal Law § 240.26), menacing in the third degree (Penal Law § 120.15), and disorderly conduct (Penal Law § 240.20). The intent element of the family offenses may be inferred from the respondent's conduct and the surrounding circumstances (see Matter of Ramona A.A. v Juan M.N., 126 AD3d 611 [1st Dept 2015]; Matter of Kristina L. v Elizabeth M., 156 AD3d 1162, 1165 [3d Dept 2017]). Petitioner's testimony showed that respondent repeatedly came to her home and verbally abused her, threatened physical harm, pushed her, and said he had a gun. The conduct supports the finding of harassment in the second degree (see Penal Law § 240.26; Matter of Sarah W. v David W., 100 AD3d 463, 463 [1st Dept 2012]). The conduct, which caused petitioner to be terrified for her physical well-being and experience spikes in blood pressure, also constituted menacing (see Matter of Maxine B. v Richard C., 179 AD3d 546, 547 [1st Dept 2020], lv denied 35 NY3d 905 [2020]). Respondent also frequented the paternal grandmother's apartment building at all hours of the day and night, despite her request to stay away, and, once there, would scream inappropriate words, belittle her, and bang on her front door. Under the circumstances, the evidence supports the inference that he had intent to cause, or was reckless in causing, "public inconvenience, annoyance, or alarm" (Matter of Linda H. v Ahmed S., 188 AD3d 597, 599 [1st Dept 2020]; Matter of Sarah W. v David W., 100 AD3d 463 [1st Dept 2012]; see Penal Law § 240.20).
Family Court's determination that its guardianship award was in the child's best interests is supported by a fair preponderance of the evidence (see Family Ct Act § 1055-b[a][ii]; Matter of Caron C.G.G. [Alicia G. -Jasmine D.], 165 AD3d 476, 476-477 [1st Dept 2018]). There is no dispute that extraordinary circumstances to entertain the petition existed (see Family Ct Act § 1055-b[a][iv][A]). The child was placed in foster care with petitioner, his paternal grandmother, at the age of two after a neglect finding was entered against his mother and while respondent father was incarcerated. Petitioner, who has now cared for the child for most of his life, provides a stable and loving home environment, and has been meeting his medical and educational [*2]needs (see Matter of Dianne M. v Princess R.F.,82 AD3d 481 [1st Dept 2011]). The child's expressed wish to continue living with the grandmother, while not determinative, is entitled to some weight (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]). On the other hand, after his release from prison, respondent has had sporadic visits with the child and has not secured steady income or stable housing. There is no basis to depart from the findings of the Family Court, which had the ability to view the witnesses and hear the testimony (see Matter of Celenia M. v Faustino M., 77 AD3d 486 [1st Dept 2010], lv denied 16 NY3d 702 [2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022