Matter of Rosa G. v Hipolito D. (2023 NY Slip Op 02079)

Matter of Rosa G. v Hipolito D.

2023 NY Slip Op 02079

Decided on April 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Pitt-Burke, JJ. 

Docket No. O-01236/21 Appeal No. 88 Case No. 2022-03504 

[*1]In the Matter of Rosa G., Petitioner-Respondent,
v
Hipolito D., Respondent-Appellant.

Anne Reiniger, New York, for appellant.
Philip Katz, New York, for respondent.

Order, Family Court, New York County (Keith E. Brown, J.), entered on or about August 15, 2022, which, upon a fact-finding determination that respondent committed the family offense of harassment in the second degree, granted a one-year order of protection in favor of petitioner, unanimously affirmed, without costs.
Family Court properly granted the petition for an order of protection against respondent, petitioner's former husband, because petitioner established the family offense of harassment in the second degree by a fair preponderance of the evidence (see Family Court Act § 832; Penal Law § 240.26[3]; Matter of Ghassem T. v Kevin T., 170 AD3d 452, 453 [1st Dept 2019]). Petitioner testified that she was afraid of respondent because they lived in the same apartment and he would threaten to kill her whenever they argued. She further testified that the most recent incident occurred in March 2021. Her testimony, which the court found credible, supports the finding that respondent engaged in a course of conduct which served no legitimate purpose, with intent of seriously annoying or alarming petitioner (see Penal Law § 240.26[3]; Matter of Giovanni De M. v Nick W., 200 AD3d 517, 517-518 [1st Dept 2021]; Matter of Anthony B. v Judy M., 167 AD3d 476 [1st Dept 2018]; Matter of Sarah W. v David W., 100 AD3d 463, 463 [1st Dept 2012]). Respondent's intent to harass, annoy or alarm petitioner may be inferred from his threats (see Matter of Ramona A.A. v Juan M.N., 126 AD3d 611 [1st Dept 2015]).
Family Court's credibility determinations in petitioner's favor and issuance of the one-year order of protection are supported by the record, and there is no basis to disturb them (Matter of Lisa S. v William V., 95 AD3d 666 [1st Dept 2012]). The issuance of the order of protection was appropriate because it will likely be helpful in eradicating the root of the family disturbance and protect petitioner (Matter of Doris M. v Yarenis P., 161 AD3d 502, 503 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2023