Matter of Raymond H.B. v Kenneth E.M. (2023 NY Slip Op 06079)

Matter of Raymond H.B. v Kenneth E.M.

2023 NY Slip Op 06079

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Docket No. O-00997/22 Appeal No. 1106 Case No. 2023-02119 

[*1]In the Matter of Raymond H.B., Petitioner-Respondent,
v
Kenneth E.M., Respondent-Appellant.

Anne Reiniger, New York, for appellant.
Manhattan Legal Services, New York (Lenina C. Trinidad of counsel), for respondent.

Order, Family Court, New York County (Alma M. Gomez, J.), entered on or about April 20, 2023, which, upon a fact-finding determination that respondent committed the family offenses of harassment in the second degree, aggravated harassment in the second degree and menacing in the second degree, directed him to stay away from petitioner and not communicate with him until October 18, 2024, unanimously modified, on the law and the facts, to vacate the findings of aggravated harassment in the second degree and menacing in the second degree, and otherwise affirmed, without costs.
Petitioner demonstrated by a fair preponderance of the evidence that respondent engaged in conduct that constituted the family offense of harassment in the second degree, warranting the issuance of an order of protection against him (Family Ct Act § 832; Penal Law § 240.26[3]). The evidence demonstrated that respondent sent emails, some with a video file annexed, to petitioner and petitioner's mother threatening to release sexually graphic images of petitioner unless he received the apology he believed was owed. Under the circumstances, the communications, which respondent did not deny sending, served no legitimate purpose and only alarmed or seriously annoyed petitioner (Penal Law § 240.26[3]; see Matter of Rosa G. v Hipolito D., 215 AD3d 571 [1st Dept 2023]; Matter of Edward B. v Elizabeth T., 156 AD3d 423, 424 [1st Dept 2017]). It matters not that the sensitive images respondent obtained were originally posted by petitioner himself to an Internet members only social media platform, because respondent's intent to harass, annoy or alarm petitioner may be inferred from his threats (see Matter of Ramona A.A. v Juan M.N., 126 AD3d 611, 611 [1st Dept 2015]).
Family Court's credibility determinations in petitioner's favor and issuance of the order of protection are supported by the record, and there is no basis to disturb them (see Matter of Lisa S. v William V., 95 AD3d 666 [1st Dept 2012]). The issuance of the order of protection was appropriate because it will likely be helpful in eradicating the root of the family disturbance and protect petitioner (seeMatter of Doris M. v Yarenis P., 161 AD3d 502, 503 [1st Dept 2018]).
Family Court did not specify which facts supported those findings that respondent's actions constituted the family offenses of aggravated harassment in the second degree (Penal Law § 240.30) and menacing in the second degree (Penal Law § 120.14). However, remand is not necessary because the record is sufficiently complete to allow this Court to make an independent review and draw its own conclusions (see Matter of Dayonna W. v Jhon S., 201 AD3d 539, 540 [1st Dept 2022]; Matter of Allen v Black, 275 AD2d 207, 209 [1st Dept 2000]). Upon such review, and accepting Family Court's credibility determinations, we determine that those findings cannot be sustained.
As for aggravated harassment in the second degree, petitioner did not present evidence that respondent [*2]contacted him by telephone, touched him, made a threat to his physical safety or property or that of a member of his family or household, or was previously convicted of the crime of harassment in the first degree within 10 years before the petition was filed against him (Family Ct Act § 832; Penal Law § 240.30). As for menacing in the second degree, the evidence failed to establish that respondent placed or attempted to place petitioner in reasonable fear of physical injury (Family Ct Act § 832; Penal Law §§ 120.14[1]; [2]), or that respondent violated an order of protection of which he had actual knowledge (Penal Law § 120.14[3]). There is no dispute that an order of protection previously issued by a Pennsylvania court had expired before the underlying proceedings began, and petitioner's testimony established that he received no messages from respondent after the petition was filed. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023