Matter of Prince T.A.M.-F. (Tarell M.--Brianna F.) (2024 NY Slip Op 00807)

Matter of Prince T.A.M.-F. (Tarell M.--Brianna F.)

2024 NY Slip Op 00807

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Moulton, J.P., Friedman, Gesmer, Mendez, Rodriguez, JJ. 

Docket No. G-1905/20 V-5409/21 Appeal No. 1667 Case No. 2023-00131 

[*1]In the Matter of Prince T.A.M.-F., A Child Under Eighteen Years of Age, etc., Tarell M., Petitioner-Appellant, Brianna F., et al., Respondents-Respondents. 

Leslie S. Lowenstein, Woodmere, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chase H. Mechanick of counsel), for Administration for Children's Services, respondent.
Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for Briana F., respondent.
Donna C. Chin, Niverille, attorney for the child.

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about November 29, 2022, which, after a hearing, granted the petition of petitioner-respondent Kimberly A., to appoint her kinship guardian of the subject child and dismissed petitioner father's petition for custody, unanimously affirmed, without costs.
Family Court's determination that the award of guardianship to the great-aunt was in the child's best interests is supported by a fair preponderance of the evidence (see Family Ct Act § 1055-b[a][ii]; Matter of Caron C.G.G. [Alicia G.-Jasmine D.], 165 AD3d 476, 476-477 [1st Dept 2018]). The father does not dispute that extraordinary circumstances to entertain the petition existed (see Family Ct Act § 1055-b[a][iv][A]). The child was placed in foster care with the great-aunt at infancy after a neglect finding was entered against his mother and while the father was incarcerated. The great aunt, who has now cared for the child for almost the entirety of his life, provides a stable and loving home environment, and has been meeting his medical, educational, and emotional needs (see Matter of Jason Jiyell J., 203 AD3d 460, 461-462 [1st Dept 2022]). Moreover, since his release, the father has had inconsistent visits with the child and has not otherwise planned for the child's return. There is no basis to depart from the findings of Family Court, which had the ability to view the witnesses and hear the testimony (see Matter of Celenia M. v Faustino M., 77 AD3d 486 [1st Dept 2010], lv denied 16 NY3d 702 [2011]).
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024