Matter of Chloe F.C. v Steven J.C. (2024 NY Slip Op 04805)

Matter of Chloe F.C. v Steven J.C.

2024 NY Slip Op 04805

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

G-04903/21 Case No. 2023-05575 Docket No. G-04903/21 Appeal No. 2672 Case No. 2023-05575 

[*1]In the Matter of Chloe F.C., A Dependent Child Under the Age of Eighteen Years, etc., Laura A.M., et al., Petitioners-Respondents,
v
Steven J.C., Respondent-Appellant.

Geoffrey P. Berman, Larchmont, for appellant.
Andrew J. Baer, New York, for respondents.
Carol L. Kahn, New York, attorney for the child.

Order of fact-finding, Family Court, New York County (Hasa A. Kingo, J.), entered on or about October 30, 2023, which, after a hearing, to the extent appealed as limited by the briefs, granted Laura A.M. and Frank A.M.'s petition to be appointed as guardians of the subject child, unanimously affirmed, without costs.
Petitioners met their burden of establishing that extraordinary circumstances existed based upon the cumulative effect of, among other things, the father's voluntary relinquishment of physical custody of the child, his lack of awareness of the child's physical and mental health needs and providers, his failure to even attempt to be involved in her education, his failure to provide for the child financially, and the psychological bond of the child to petitioners (see Matter of Caron C.G.G. [Alicia G. — Jasmine D.], 165 AD3d 476, 476 [1st Dept 2018]; Matter of Cornell S.J. v Altemease R.J., 164 AD3d 1184, 1184 [1st Dept 2018], lv denied 32 NY3d 913 [2019]). The finding of extraordinary circumstances was also properly based on a number of incidents where the father exhibited a lack of parental judgment, such as his failure to maintain appropriate physical boundaries in front of the child.
The Family Court's determination that awarding guardianship to petitioners was in the child's best interest is supported by a fair preponderance of the evidence (see Family Court Act § 1055-b[a][ii]; Matter of Jason Jiyell J., 203 AD3d 460, 461 [1st Dept 2022]), and there is no basis to depart from the Family Court's credibility determinations (see Matter of Prince T.A.M.-F., 224 AD3d 509, 509 [1st Dept 2024]). Petitioners established that they provided a stable and loving home for the child and met her physical, emotional, and educational needs. The evidence also established that they had a suitable home and the child thrived in their care. They remained respectful when they needed to communicate about the child and did their best to facilitate the father's parenting time.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024