Matter of D.C. v J.J.G. (2025 NY Slip Op 01710)

Matter of D.C. v J.J.G.

2025 NY Slip Op 01710

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Docket No. O14465/19|Appeal No. 3940|Case No. 2022-04721|

[*1]In the Matter of D.C., Petitioner-Respondent,
v
J.J.G., Respondent-Appellant.

Marion C. Perry, New York, for appellant.
Daniel X. Robinson, New York, for respondent.
Donna C. Chin, New York, attorney for the child.

Order, Family Court, New York County (Jonathan H. Shim, J.), entered on or about October 24, 2022, which, upon a fact-finding determination that respondent committed the family offenses of harassment in the second degree, aggravated harassment in the second degree, and disorderly conduct, granted a two-year order of protection in favor of petitioner and her two children, unanimously modified, on the law, to the extent of vacating the finding of disorderly conduct, and otherwise affirmed, without costs.
Although the order of protection has expired by its own terms, this appeal is not rendered moot, as the order finding that respondent committed family offenses still may impose significant enduring consequences upon him (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671-673 [2015]; Matter of Jasna Mina W. v Waheed S., 170 AD3d 572, 572 [1st Dept 2019]).
As to the merits, Family Court's decision after the fact-finding hearing sets forth the facts that the court deemed essential as to the family offenses of harassment in the second degree and aggravated harassment in the second degree (CPLR 4213[b]). Petitioner's testimony that respondent caused her to fear for herself and their children by sending her messages over Facebook Messenger threatening to kill her and put her "to sleep" supports a finding by a fair preponderance of the evidence that respondent committed the family offenses of harassment in the second degree (Family Court Act § 832; Penal Law § 240.26[3]) and aggravated harassment in the second degree (Penal Law § 240.30[1][a]). The communications served no legitimate purpose and caused petitioner to be alarmed and to have a reasonable fear of harm to her physical safety (Penal Law §§ 240.26[3], 240.30[1][a]; see Matter of Monique WW. v Dean XX, 233 AD3d 1413, 1415 [3d Dept 2024]; Matter of Edward B. v Elizabeth T., 156 AD3d 423, 424 [1st Dept 2017]). Furthermore, respondent's intent to harass or alarm petitioner may be inferred from his threats to kill her (see Matter of Phyllis H. v Didier C., 182 AD3d 511, 512 [1st Dept 2020]; Matter of Ramona A.A. v Juan M.N., 126 AD3d 611, 611 [1st Dept 2015]). The court's decision to credit petitioner's testimony over respondent's is entitled to deference, and we find no basis to disturb that credibility determination (see Matter of Lisa S. v William V., 95 AD3d 666, 666 [1st Dept 2012]).
Family Court did not specify which facts supported the finding that respondent committed the family offense of disorderly conduct (CPLR 4213[b]). However, remand is not required because the record is sufficiently complete to allow this Court to make an independent review and draw its own conclusions (see Matter of Dayonna W. v Jhon S., 201 AD3d 539, 540 [1st Dept 2022]; Matter of Allen v Black, 275 AD2d 207, 209 [1st Dept 2000]). Upon that review, we vacate the determination that respondent's actions constituted the family offense of disorderly conduct. Under Penal Law § 240.20(3), a person is guilty [*2]of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he uses abusive or obscene language in a public place. The evidence that respondent sent petitioner private messages through Facebook Messenger does not support a finding that he acted with "the intent to cause, or recklessness in causing, public harm" (Matter of Linda H. v Ahmed S., 188 AD3d 597, 599 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025