Matter of T.M.S. v K.R.G. (2025 NY Slip Op 06040)

Matter of T.M.S. v K.R.G.

2025 NY Slip Op 06040

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Docket No. O-07498/23|Appeal No. 5087-5087A|Case No. 2024-04578 2025-00355|

[*1]In the Matter of T.M.S., Petitioner-Respondent,
v
K.R.G., Respondent-Appellant. 

Jay A. Maller, New York, for appellant.
Law Office of Thomas R. Villecco, P.C., New York (Thomas R. Villecco of counsel), for respondent.

Order, Family Court, New York County (Stephanie Schwarz, J.), entered on or about July 12, 2024, as amplified by order, same court and Judge, entered on or about August 23, 2024, which found that respondent committed the family offenses of harassment in the second degree (Penal Law § 240.26[3]) and aggravated harassment in the second degree (Penal Law § 240.30[2]), against petitioner, unanimously modified, on the law and the facts, to the extent of vacating the findings of harassment in the second degree and aggravated harassment in the second degree, and entering a finding that respondent committed the family offense of aggravated harassment in the second degree under Penal Law § 240.30(1)(b), and otherwise affirmed, without costs. Order of protection, same court and Judge, entered on or about December 16, 2024, which directed respondent to refrain from contacting petitioner or committing any criminal offense against her through December 15, 2026, unanimously affirmed, without costs.
A fair preponderance of the evidence does not support the finding that respondent committed the family offense of harassment in the second degree (see Family Ct Act § 832). Although petitioner testified that respondent had threatened to contact Administration for Children's Services (ACS) to commence an investigation against her, posted a video on the Internet in 2021 threatening to kill her husband, and sent her about five text messages and left her a voicemail on September 6, 2023, she failed to testify what false allegations respondent made against her, the content of the text messages or the voicemail he purportedly sent her, or that she ever told him to stop contacting her before filing the underlying family offense petition against him. Accordingly, petitioner failed to establish her prima facie case under Penal Law § 240.26(3) (see Matter of Anthony B. v Judy M., 167 AD3d 476 [1st Dept 2018]).
There is nothing in the record to conclude that ACS closed its investigation into respondent's allegations against petitioner after finding that his allegations were baseless thus demonstrating that respondent lacked a legitimate purpose for initially reporting petitioner to ACS (see Matter of Thelma U. v Miko U., 145 AD3d 527, 528 [1st Dept 2016]). The testimony regarding respondent posting a video on the Internet in 2021, in which he threatened to kill petitioner's husband, also does not establish that respondent committed second-degree harassment because it was a single incident, and this offense requires proof of a course of conduct or repeated commission of acts of harassment (see Matter of Tikiya S. v Kyle R.G., 224 AD3d 618 [1st Dept 2024], lv denied 43 NY3d 906 [2025]).
Petitioner also failed to establish aggravated harassment in the second degree under Penal Law § 240.30(2) because she never testified about what respondent said to her or that she told him to stop contacting her before filing the underlying family offense petition to establish that respondent's text and voicemail messages were made with intent to harass, annoy, threaten, or alarm her. Accordingly, we vacate the finding that respondent committed the family offense of aggravated harassment in the second degree under Penal Law § 240.30(2).
However, we find that respondent's actions of posting a video to the Internet in 2021 constituted the family offense of aggravated harassment under Penal Law § 240.30(1)(b) and enter a finding accordingly. Petitioner's testimony, which Family Court credited, established by a preponderance of the evidence that respondent posted a video to the Internet stating that he had a gun, and that if petitioner's husband came to Delaware, respondent "would shoot him." This conduct constitutes the family offense of second-degree aggravated harassment under Penal Law § 240.30(1)(b). Respondent's intent to harass, annoy or alarm petitioner may be inferred from respondent's threats to kill her husband (see Matter of Phyllis H. v Didier C., 182 AD3d 511, 512 [1st Dept 2020]). We find no basis to disturb the court's credibility determinations on this matter (see Matter of Lisa S. v William V., 95 AD3d 666 [1st Dept 2012]).
Respondent's claim that Family Court erred in permitting petitioner to offer
testimony about the video is unpersuasive because the petition sufficiently alleged facts that, if proven, would constitute the family offense of aggravated harassment in the second degree (Penal Law § 240.30[1][b]) by alleging that respondent had threatened to shoot petitioner and her husband. That the petition did not specifically mention the video does not require a different result.
Based on the foregoing, the issuance of a two-year order of protection directing respondent not to communicate with petitioner and refrain from committing a family offense against her was appropriate "because it will likely be helpful in eradicating the root of the family disturbance" (Matter of Oksoon K. v Young K., 115 AD3d 486, 487 [1st Dept 2014], lv denied 24 NY3d 902 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025