Matter of Darlene B. v Elsie R. (2026 NY Slip Op 00004)

Matter of Darlene B. v Elsie R.

2026 NY Slip Op 00004

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J., Manzanet-Daniels, Gesmer, Higgitt, Michael, JJ. 

Docket No. O-06159/23|Appeal No. 5506|Case No. 2024-07847|

[*1]In the Matter of Darlene B., Respondent,
vElsie R., Appellant.

Larry S. Bachner, New York, for appellant.
Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), for respondent.

Order of fact-finding and disposition (one paper) of the Family Court, New York County (Pamela B. Scheininger, J.), entered on or about November 15, 2024, which, after a fact-finding hearing, found that respondent committed the family offense of menacing in the second degree, and bringing up for review an order of protection, same court and Judge, entered on or about November 15, 2024, issued on behalf of petitioner, unanimously affirmed, without costs.
Family Court correctly determined that the parties were previously involved in an "intimate relationship," and thus properly exercised jurisdiction over the matter on the basis that the underlying offense was a family offense (see Family Ct Act § 812[1][e]). The parties' testimony established that they began dating in May 2002, were living together by December 2004, and ended their relationship in 2010. Respondent's testimony also established that she began contacting petitioner in 2021 because she believed that petitioner owed her $500 for credit card transactions that petitioner had supposedly incurred near the end of the relationship. That the parties were not romantically involved for a number of years before the petition was filed is of no moment under the statute (Matter of Phyllis H. v Didier C., 182 AD3d 511, 512 [1st Dept 2020]).
Family Court properly admitted into evidence an April 2021 text message and a July 2021 voice mail in which respondent threatened petitioner, as respondent's statements in those messages are admissible as party admissions (see e.g. Matter of Maxwell P., [Katherine S.], 196 AD3d 416, 416-417 [1st Dept 2021]; Commercial Ins. Co. of Newark, N.J. v Popadich, 68 AD3d 401, 402 [1st Dept 2009]).
Respondent failed to object to petitioner's testimony about an incident in which respondent confronted petitioner at the courthouse in August 2021. Therefore, respondent's argument that Family Court erred in allowing petitioner to testify to that incident is unpreserved for our review (see Matter of F.B. v W.B., 248 AD2d 119, 119 [1st Dept 1998]).
Moreover, the court did not violate respondent's right to due process by referring in its order to certain text messages that petitioner testified to but were not alleged in the original family offense petition, as Family Court properly conformed the pleadings to the proof. Because the transcripts of the fact-finding hearing reveal that the court's determination to conform the pleadings rested on respondent's own admissions at the hearing, respondent was not hindered in preparation of her case and did not suffer any prejudice from surprise (see Matter of Melinda B. v Jonathan L.P., 187 AD3d 631, 631 [1st Dept 2020]). In addition, contrary to respondent's contention, she had a full and fair opportunity to address allegations concerning the July 2021 voice mail, the August 2021 courthouse confrontation, and a July 2023 telephone call. Indeed, respondent herself testified to all of that evidence at the fact-finding hearing (see Matter of N.R. [D.W.], 227 AD3d 596, 596 [1st Dept 2024]).
Finally, a fair preponderance of the evidence established that respondent committed the family offense of menacing in the second degree (Family Ct Act § 832; Penal Law § 120.14[2]). The testimony at the fact-finding hearing showed that respondent threatened to kill petitioner on at least two occasions, thereby placing petitioner in reasonable fear of physical injury (see Matter of Carmen L. v Rafael R., 163 AD3d 436, 437 [1st Dept 2018]). In addition, respondent appeared at petitioner's place of employment after threatening her, and as respondent acknowledged during her testimony, she understood that petitioner would find her presence alarming. Given the evidence presented at the hearing, there is no basis to set aside Family Court's determination that petitioner's testimony was credible (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Amanda R. v Daniel A.R., 166 AD3d 462, 463 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026