Matter of A.G.

2026 NY Slip Op 02450

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of A.G., A Child Under Eighteen Years of Age, etc., J.W., Petitioner-Respondent, K.T. et al., Respondents-Appellants.

Decided and Entered: April 23, 2026

Docket No. G-24377/22 N-2110/18 V-16010/23 V-24861/22|Appeal No. 6453|Case No. 2024-02062|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for K.T., appellant.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for J.G., appellant.

Steven N. Feinman, White Plains, for respondent.

Dawne A. Mitchell, The Legal Aid Society (Claire V. Merkine of counsel), attorney for the child.

[*1]

Order, Family Court, Bronx County (Ashley B. Black, J.), entered on or about March 12, 2024, which, after a hearing, granted petitioner's request to appoint her as the guardian of the subject child and dismissed the father's and mother's petitions for custody of the child, unanimously affirmed, without costs.

Family Court properly found that petitioner established extraordinary circumstances conferring standing to seek nonparent guardianship of the subject child (see Family Ct Act § 1055-b[a][iv][A]; Matter of Bennett v Jeffreys, 40 NY2d 543, 549 [1976]; Matter of T.G.V., 242 AD3d 476, 476 [1st Dept 2025]; Matter of Caleesta S. [Daphne M.], 200 AD3d 504, 505 [1st Dept 2021]). The child was placed with petitioner immediately after birth in August 2018 as a result of neglect proceedings against the mother, and since that time, the child has been in petitioner's exclusive care and custody, and petitioner has assumed full responsibility for the child's daily needs.

In contrast, the mother has only had supervised contact with the child, and even that contact has been sporadic (see Matter of Caron C.G.G. [Alicia G. — Jasmine. D.], 165 AD3d 476, 476 [1st Dept 2018]). The mother has also provided no financial support and made no effort to participate in or obtain information regarding the child's education or medical care, nor has she articulated a clear plan for the child's return to her care (see Matter of Prince T.A.M.-F., 224 AD3d 509, 509 [1st Dept 2024]). While the mother maintained that she was prepared to care for the child full-time, she did not at the time of her testimony have permanent or stable housing to bring the child to live. Moreover, in the five years following the child's removal, the mother failed to fully engage in services or comply with the requirements of her service plan. Her continued inability to address the conditions that placed her children at risk resulted in her loss of guardianship of her older daughter and in the removal in 2022 of her younger daughter, who remains in foster care to this day. Although the mother testified that she completed substance abuse counseling and was participating in mental health services, she provided no proof or documentation to substantiate that testimony.

[*2]

With respect to the father, although he testified that he wished to have custody of the child, he failed to take any steps to make the child's placement with him feasible and presented no evidence showing that he has planned for the child's return to his care. He continued to live in supportive housing that could not accommodate even daytime visits with the child, let alone allow the child to reside there. In addition, the father admitted that he did not know anything about the child's medical and educational needs, made little effort to become involved in the child's education, visited sporadically, relied on the child to initiate telephonic contact with him, and failed to provide the child with financial support (see Matter of Chloe F.C. [Laura A.M —Steven J.C.], 231 AD3d 426, 426 [1st Dept 2024]).

Family Court's determination that it was in the best interests of the child to award guardianship to petitioner, who has cared for the child since infancy, is supported by a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Milagros R. v Quazay S.-R., 202 AD3d 419, 419-420 [1st Dept 2022]). The evidence demonstrated that petitioner has provided a loving and stable home for the child and has ensured that all their needs are met. Petitioner and the child share a strong bond, and petitioner affirmatively stated that if granted guardianship, she would continue to assist in fostering a bond between the parents and the child (see Matter of Nicolas Jude B. [Rosetta B.], 195 AD3d 402, 403 [1st Dept 2021], lv denied 37 NY3d 905 [2021]). Additionally, although the child's wishes are not determinative, they are entitled to great weight, and the child expressed a strong preference to remain with petitioner (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]). There is no basis to disturb the findings of the Family Court, which had
the opportunity to observe the witnesses and hear their testimony (see Matter of Jason Jiyell J., 203 AD3d 460, 462 [1st Dept 2022]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026